**Jose C. FRANCO, Appellant,**

**v.**

**Albertano LOPEZ, Manuel Lopez, and Geronima Valdespino, Appellees.**

**No. 05–08–01318–CV.**

Court of Appeals of Texas,
Dallas.

March 9, 2010.

Daniel C. Perez and Earl Cross, Attorney at Law, Dallas, TX, for Appellant.

Michael Babb, Jenkins and Babb, LLP, Dallas, TX, for Appellee.

Before Justices MORRIS, BRIDGES, and LANG.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from the trial court's judgment awarding appellees Albertano Lopez, Manuel Lopez, and Geronima Valdespino specific performance of a commercial real estate sales contract. In three issues, appellant Jose C. Franco generally complains that appellees are barred from recovering under the contract because they failed to perform their contractual obligations on or before the closing date stated in the contract. In an additional issue, appellant asserts the evidence was legally insufficient to support the trial court's award of attorney's fees. After reviewing the record, we conclude appellant's issues lack merit. Accordingly, we affirm the trial court's judgment.

### I.

The parties' dispute arises out of a real estate contract in which appellant agreed to sell three parcels of land to appellees Manuel Lopez and Geronima Valdespino for $250,000.[1] The contract is undated and does not indicate the date or dates the individual parties signed the contract. The closing of the sale was to be on or before "January 19, 2007 or within seven days after objections to title have been cured, whichever date is later." The contract provided "time is of the essence." It further provided, "The effective date of the contract for performance of all obligations is the date the escrow agent receipts this contract after all parties execute this contract." The last page of the contract contains a box in which the escrow agent acknowledged receipt of the contract on February 2, 2007 and $1,000 in earnest money. The closing did not occur on January 19, 2007. In the following months, appellees made several additional escrow deposits that are noted on the contract. Appellees attempted to close the sale after receiving the survey, but appellant refused. Appellees then filed this lawsuit seeking, among other things, specific performance of the contract. Following a trial before the court without a jury, the trial judge awarded specific performance of the contract to appellees. Appellant filed this appeal from the trial court's judgment.

### II.

■ In his first issue, appellant contends the evidence is legally insufficient to support a finding that there was an enforceable contract between the parties. In his second issue, he asserts appellees breached the contract by failing to perform their contractual obligations. Although these issues are argued separately in appellant's brief, we address them together because the analysis and facts upon which appellant relies to support both issues are very similar. In essence, appellant contends that because appellees defaulted on their contractual obligations they cannot enforce the contract against him. Specifically, appellant contends ap-

---

1. Appellee Albertano Lopez is not listed as a party to the real estate contract.

pellees' failure to deposit the escrow payment, obtain a survey, or appear for closing on or before January 19, 2007 bars their claims. We disagree.

In a nonjury trial, if no findings of fact or conclusions of law are requested by the parties or filed by the trial court, we imply all necessary findings to support the judgment. *See Mag Instrument, Inc. v. G.T. Sales, Inc.*, 294 S.W.3d 800, 805 (Tex.App.-Dallas 2009, pet. filed). Where, as here, the appellate record contains a reporter's and clerk's record, appellant may challenge the legal and factual sufficiency of these implied findings the same as findings made by the trier of fact. *Id.*

As noted above, the effective date of the contract was February 2, 2007, the date the escrow agent received an executed copy of the contract. Pursuant to the contract, appellees were required to deposit $500 in earnest money no later than three days after February 2, 2007. The evidence shows the escrow agent received a $1,000 earnest money deposit from appellees on February 2, 2007. Moreover, the contract's survey provision did not specify a date by which the survey had to be obtained and furnished to appellant. Contrary to appellant's contention, appellees' failure to perform these obligations by January 19, 2007, before the contract became effective, did not constitute a breach or prevent them from enforcing the contract. In fact, the contract specifically contemplated a closing date after January 19, 2007 if objections to the title had not been cured by that date. Yet the obligations to provide the title commitment from which any objections would be made did not begin to run until February 2, 2007, the contract's effective date. Considering the record as a whole, the evidence supports the trial court's implied finding that an enforceable contract existed between the parties and that appellees

did not breach the contract by failing to perform its obligations or close on or before January 19, 2007.

■ Appellant also argues that Manuel Lopez's execution of a "Release of Earnest Money and Contract" dated April 27, 2007 supports his position that appellees' claims are barred. The release was signed only by Lopez and no other party to the real estate contract. Moreover, even after the release was executed, appellees maintained $1,000 in earnest money on deposit with the escrow agent. Finally, the trial court ruled appellant had waived the affirmative defense of release by failing to raise it in his responsive pleading. Appellant has not challenged that ruling on appeal. Based on the record before us, we cannot say the trial court erred in concluding that appellees had a right to enforce the contract. We resolve appellant's first and second issues against him.

■ In his third issue, appellant asserts that appellees are not entitled to specific performance because they failed to tender performance by the required dates under the contract. Generally, where a contract provides that "time is of the essence," a party must tender performance within the specified time to be entitled to specific performance. *See 17090 Parkway, Ltd. v. McDavid*, 80 S.W.3d 252, 255 (Tex.App.-Dallas 2002, pet. denied). We have already considered and rejected appellant's complaints based on appellees' failure to perform by January 19, 2007.

■ To the extent appellant's brief can be read to assert appellees are barred from seeking specific performance because, after January 19, 2007, they never tendered the full amount of the purchase price, we note that appellant never presented this complaint to the trial court. By failing to present this theory to the trial court, appellant has waived error on

appeal with respect to this issue. TEX. R.APP. P. 33.1(a). Absent waiver, however, we would still conclude that appellant's argument lacks merit. Texas cases have long recognized that where a party openly refuses to perform his part of the contract a plaintiff need not tender performance before bringing suit. *See McDavid,* 80 S.W.3d at 256. Where tender of performance is excused, a party must plead and prove he is ready, willing, and able to perform. *Id.* In this case, there is ample evidence from which the trial court could have found that appellant openly refused to perform his part of the contract and that appellees were ready, willing, and able to perform their obligations under the contract. Accordingly, we conclude that the trial court did not err in awarding appellees specific performance of the contract. We resolve appellant's third issue against him.

 In his fourth issue, appellant generally asserts that the trial court erred in awarding appellees attorney's fees because the expert testimony at trial was legally insufficient. Citing sections 38.001 and 38.002 of the Texas Civil Practice and Remedies Code, appellant argues the attorney's fees award must be reversed because there was no evidence that (1) appellees' attorneys were licensed in Texas or (2) appellees presented their claim to appellant. We first note that, in addition to section 38, appellees sought attorney's fees pursuant to the parties' contract, which authorized the recovery of costs and reasonable attorney's fees to the prevailing party. The trial court, therefore, had both a statutory and a contractual basis to award attorney's fees to appellees. Appellant has provided no authority, and we have found none, that would require evidence of an attorney's Texas license or presentment when attorney's fees are awarded based on a contractual provision. Accordingly, we find no reversible error in connection with these complaints.

 Appellant also argues that there is no evidence of the reasonable and customary hourly rate in the region for litigation of this kind. In general, the reasonableness of attorney's fees is a question of fact. *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 367 (Tex.2000). Among the eight factors used in determining the reasonableness of an award is the fee customarily charged in the locality for similar services. *See Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997). Appellant asserts the evidence is legally insufficient to support the attorney's fees award because there was no evidence addressing this factor. Appellant presents no authority for his position and we have found none. In fact, at least one court has reached a contrary conclusion. *See Bank of Tex. v. VR Elec., Inc.,* 276 S.W.3d 671, 685 (Tex.App.-Hous. [1st Dist.] 2008, pet. denied) (evidence of attorney's fees sufficient despite failure of evidence to address three of the eight *Andersen* factors).

Our review of the evidence on attorney's fees reveals that appellees' attorney took this case on a contingency fee basis of twenty-five percent of any recovery. There was also evidence the attorneys' standard hourly rates were between $200 and $250 per hour and that approximately seventy hours were spent on the case before trial. In awarding appellees $25,000 in attorney's fees through trial, the trial court specifically noted that he considered the risk of recovery involved with a contingency fee contract in awarding a figure slightly higher than the amount due by multiplying the rate times the hours worked.[2] Considering the evidence in a

2. The trial court also awarded appellees appellate attorney's fees of $5,000 if the case

light most favorable to the verdict and indulging every reasonable inference from the evidence that supports the verdict, we conclude the evidence was legally sufficient to support the trial court's award of attorney's fees. We resolve appellant's fourth issue against him.

We affirm the trial court's judgment.

was unsuccessfully appealed and additional attorney's fees of $5,000 if appellant unsuc- cessfully appealed to the Texas Supreme Court.