In the Interest of H.M.S., a Child.

No. 05–10–00061–CV.

Court of Appeals of Texas, Dallas.

Sept. 7, 2011.

Chad Michael Ruback, The Ruback Law Firm, Cary William Schulman, The Cary Schulman Law Firm, Dallas, TX, for Appellant.

Robert J. Davis, Christen C. Paquin, Matthews, Stein, Shiels, Pearce, Knot, Eden & Davis, L.L.P., Dallas, TX, Robert J. Matlock, Woods, May, Matlock, P.C., McKinney, TX, for Appellees.

Before Justices MORRIS, BRIDGES, and FRANCIS.

## OPINION

Opinion By Justice MORRIS.

In this appeal, we review an order denying a motion to recuse and levying sanctions against the movant and her attorney. Jennifer Lugo brings four issues for determination. She generally contends that the judge assigned to hear her motion erred when he refused to exclude witnesses, failed to grant her recusal request, and levied sanctions against her and her counsel. Mark Sampley brings two cross-points contending Lugo has waived all error and her appeal is frivolous. After reviewing the record on appeal, we affirm the trial court's order with respect to both the denial of the motion to recuse and the imposition of sanctions. We decline, however, to hold the appeal is frivolous.

### I.

Jennifer Lugo filed this suit affecting a parent-child relationship on August 12, 2008 naming Mark Sampley as the father of the child, H.M.S. The trial court signed final orders in the case on September 11, 2009, appointing Sampley as sole managing conservator of H.M.S. Two months after the final orders were signed, Lugo filed a motion to recuse the trial judge.

The trial judge did not recuse himself, and the motion was assigned to Judge Alvin Khoury.

Both immediately before and during the hearing on the motion to recuse, Lugo subpoenaed the trial judge as well as the court reporter, a deputy clerk, and a district clerk to testify and produce documents related to the case. Attorneys for Collin County, Texas appeared at the hearing to represent the court employees in response to the subpoenas. Lugo's counsel requested the exclusion of the witnesses from the courtroom pursuant to rule 614 of the Texas Rules of Evidence. Judge Khoury responded that he would not exclude witnesses who were "officers of the court." Lugo objected to the ruling, and Judge Khoury overruled the objection.

After hearing the evidence, Judge Khoury denied the motion to recuse and imposed sanctions on Lugo and her attorney, finding the motion was "brought solely for the purpose of delay and without sufficient cause." Judge Khoury ordered Lugo and Lugo's counsel to pay $10,000 in attorney's fees to Sampley and $3,600 in attorney's fees to Collin County, Texas. Lugo brings this appeal from Judge Khoury's order.

## II.

■ We first address Lugo's fourth issue challenging Judge Khoury's failure to exclude witnesses from the courtroom. Rule 614 of the Texas Rules of Evidence, commonly referred to as "the rule," requires the exclusion of witnesses from the courtroom upon the request of a party. *See Elbar, Inc. v. Claussen*, 774 S.W.2d 45, 51 (Tex.App.-Dallas 1989, writ dism'd). Although there are four classes of witnesses that are exempt from the operation of the rule, "officers of the court" are not among those exempted. *See* Tex.R. Civ. P. 614. Accordingly, Judge Khoury erred in refusing to exclude certain witnesses on the basis that they were court employees.

■ The erroneous failure to exclude witnesses is not reversible unless it is shown to be harmful. *See Elbar*, 774 S.W.2d at 52. Lugo's only argument with respect to harm is the broad statement that "Judge Khoury's ruling allowed the witnesses that Lugo subpoenaed to corroborate their testimony which was highly prejudicial against Lugo's effective cross examination of witnesses." But Lugo makes no showing that such corroboration occurred or that her counsel's examination of the witnesses was affected. Absent a showing of harm, we conclude Judge Khoury's refusal to exclude certain witnesses is not reversible. We resolve Lugo's fourth issue against her.

■ In her first two issues, Lugo contends Judge Khoury erred in denying her motion to recuse because the evidence established as a matter of law that the trial judge was biased. Lugo argues that the trial judge's bias, and Judge Khoury's failure to recuse him, violated her constitutional right to due process. We review an order denying a motion to recuse for an abuse of discretion. *See Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). We examine the totality of the circumstances and will not reverse an assigned judge's ruling if it is within the zone of reasonable disagreement. *See In re C.J.O.*, 325 S.W.3d 261, 267 (Tex.App.-Eastland 2010, pet. denied).

■ The movant bears the burden of proving that recusal is warranted, and this burden is met only through a showing of bias or partiality to such an extent that the movant was deprived of a fair trial. *Id.* Judicial rulings alone almost never constitute a valid basis for a motion to recuse based on bias or partiality. *See Liteky v.*

*U.S.*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Furthermore, opinions formed by the judge based on facts introduced or events occurring in the course of proceedings do not constitute a valid basis for a recusal motion unless "they display a deep-seated favoritism or antagonism that would make a fair judgment impossible." *Id.* A judge's ordinary efforts at courtroom administration, even if stern or short-tempered, are immune. *Id.* at 556, 114 S.Ct. 1147.

In Lugo's statement of facts, she recites numerous actions committed during and after the proceedings in the trial court that she alleges demonstrate the trial judge's bias against her and her counsel. Among the actions discussed, many were committed by persons other than the trial judge. In some instances, it is unclear what role, if any, the trial judge played in the action or in what manner the action demonstrates bias on the part of the trial judge. For example, Lugo discusses at length alleged filing errors by the court clerk. It is clear, however, that Lugo's allegations of partiality are based on facts revealed or events occurring during the course of the proceedings below. She does not contend the trial judge was biased against her based on any extrajudicial source.

■ In general, the actions of the trial judge about which Lugo complains fall into the following categories: (1) the "disqualification" of Lugo's counsel; (2) perceived threats to Lugo's counsel; (3) alleged ex parte communications; (4) the signing of final orders that Lugo did not approve as to form; (5) the failure to set hearings on motions; and (6) the filing of motions to quash and for a protective order in response to Lugo's notice and motion to call the trial judge as a witness at his recusal hearing. With respect to what Lugo terms the "disqualification" of her counsel, the record shows that the trial judge ex-

pressed serious concerns about the fact that Lugo was not only employed by her counsel, but was also involved in a personal relationship with him. The trial judge's statements on this matter can be perceived to demonstrate concern for Lugo's interests rather than any bias or prejudice against her. The trial judge stated that he believed the circumstances presented a significant conflict of interest. However, the trial judge never signed an order disqualifying Lugo's counsel, and the same counsel has continued to represent her throughout these proceedings. Accordingly, Lugo's contention that the trial judge disqualified her counsel is not supported by the record. Moreover, we cannot conclude that the trial court's concern over an alleged "conflict of interest" manifests a bias or antagonism toward Lugo.

■ Lugo also contends the trial judge threatened her counsel in connection with her filing a "Notice of Tampering." In the Notice of Tampering, Lugo's counsel suggested that a criminal file pertaining to Sampley had been "sanitized" by the removal of documents including police reports. Lugo's counsel stated to the trial judge that he had been told by a third party that the criminal file had been sanitized. The trial judge responded by stating "the allegations that someone is making to you that you are vaguely referencing in these motions would be felony offenses." The trial judge also stated that he hoped that counsel understood the serious nature of the allegations being made. Because Lugo's motion appeared to have been filed based on allegations made by a third party, the trial court questioned whether the motion had a "good faith basis." When Lugo's counsel asked to explain, the trial judge stated "it's your law license." Although Lugo characterizes this statement as a threat, in the context of the discussion

that was occurring, the comment can be seen as part of the trial judge's warnings that the tampering allegations would be taken seriously. Ultimately the trial judge gave sufficient credence to Lugo's allegations that he sent the notice to the Collin County District Attorney's office and referred the matter to the grand jury. Lugo makes no showing that any of the trial judge's actions in connection with the Notice of Tampering reflect bias or prejudice.

As for the allegation of ex parte communications, the only specific communication about which Lugo complains is an apparent statement by opposing counsel outside the presence of Lugo and her counsel informing the trial judge of the alleged employment relationship between the two. This communication had no bearing on the merits of the case and did not concern a disputed fact. Lugo suggests that other ex parte communications may have taken place when the trial judge called the case to trial shortly before she and her counsel returned from lunch. But this argument is purely speculative and Lugo gives no indication what ex parte communications, if any, might have taken place.

Lugo contends the trial judge evidenced an intent to deprive her of her rights when he signed the final orders in the case without allowing her an opportunity to review them first. We note, however, that Lugo and her counsel left the courtroom before the conclusion of the proceedings below and indicated they did not intend to return. Accordingly, Lugo was not present when the trial judge made his final rulings. Furthermore, Lugo makes no argument regarding what changes she would have requested in the orders or objections she would have raised if she had been given the opportunity.

██ Lugo also contends the trial judge attempted to deny her rights by failing to set hearings on eleven different motions. Lugo acknowledges that one of the motions she lists, her motion for new trial, was set for a hearing after some initial confusion regarding its timeliness. The hearing was cancelled, however, after Lugo filed her motion to recuse. Two other motions she lists deal with the alleged "sanitizing" of Sampley's criminal file, which the trial judge referred to the grand jury. In response to Lugo's request for a hearing on her "Amended Motion to Enforce Court Orders," the trial judge sent Lugo a letter explaining that the orders she was attempting to enforce had been superceded by the final orders he signed on September 11, 2009. Among the remaining motions listed by Lugo are the motion to recuse that was referred to Judge Khoury and is the subject of this appeal as well as two motions for reconsideration of Judge Khoury's final order and a second motion to recuse filed two days before Judge Khoury signed his final order. Lugo fails to explain how the trial judge could have set a hearing on the motion referred to Judge Khoury or how the motions that were filed immediately before and after the signing of the order being appealed could be considered evidence. The remainder of the motions she lists are two motions for sanctions and a motion for leave. The failure to set those motions for a hearing is nothing more than ordinary courtroom administration and does not present a valid basis for a motion to recuse. *See Liteky,* 510 U.S. at 555, 114 S.Ct. 1147.

Finally, Lugo contends the trial judge's actions in defending against the motion to recuse demonstrate his bias and partiality. Specifically, Lugo points to motions to quash and for protection filed by the trial judge in response to Lugo's attempts to call him to testify at the recusal hearing. Lugo contends the affirmative relief

sought by the trial judge in his motions, including his request that Lugo obtain leave of court before attempting to take his deposition in the future, caused him to have an interest in the proceedings and rendered him constitutionally disqualified from presiding over the matter.

For a judge to be disqualified based on an interest in the proceedings, that interest must generally be either a direct pecuniary interest or a property interest in the subject matter of the litigation. *See Bank of Texas, N.A., Trustee v. Mexia,* 135 S.W.3d 356, 361 (Tex.App.-Dallas 2004, pet. denied). The subject matter of the litigation in this case was the care and custody of the minor, H.M.S. The trial judge had neither a pecuniary nor a property interest in that matter. A party cannot cause a judge to have an "interest in the proceedings" merely by threatening to call him as a witness. To allow a trial judge to be disqualified because he sought affirmative relief against being called as a witness would allow a party an easy means of forcing a recusal. *See Sommers,* 20 S.W.3d at 42.

Based on our review of the record, we are convinced that Lugo's counsel believed his client was not being treated fairly. We conclude, however, Lugo failed to show under the applicable law that the trial judge in this case displayed bias, prejudice, or a deep-seated favoritism or antagonism that would make a fair judgment impossible. Accordingly, we must conclude Judge Khoury did not abuse his discretion in denying Lugo's motion to recuse. We resolve Lugo's first two issues against her.

In her third issue, Lugo contends the trial court erred in assessing sanctions against her and her counsel. In his response to the motion to recuse, Sampley argued the motion was without support either in fact or law and requested sanctions in the form of attorney's fees and other expenses. The attorney for Collin County, Texas, who represented the various court employees subpoenaed by Lugo to testify, orally requested sanctions at the conclusion of the recusal hearing. Judge Khoury granted the requests finding that Lugo brought her motion to recuse solely for the purpose of delay and without sufficient cause. As sanctions, Judge Khoury ordered Lugo and her counsel to pay $10,000 in attorney's fees to Sampley and $3,600 in attorney's fees to Collin County. As with the ruling on the motion to recuse, we review Judge Khoury's award of sanctions for an abuse of discretion. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004).

The language in the order pertaining to the sanctions tracks the language of rule 18a(h) of the Texas Rules of Civil Procedure. Rule 18a(h) authorizes sanctions if, on motion of the opposite party, the presiding judge determines a motion to recuse was filed solely for the purpose of delay and without sufficient cause. *See* TEX.R. CIV. P. 18a(h). Although rule 18a(h) clearly authorizes an award in favor of Sampley, the language of the rule evidences the intent that sanctions be awarded to an opposing party. Because Collin County was not an opposing party in this case, Rule 18a(h) could not be the basis of a sanctions award in its favor.

Collin County asserts, however, that Judge Khoury had the authority to award sanctions in its favor under the court's inherent power to discipline an attorney's behavior. *See In re Bennett,* 960 S.W.2d 35, 40 (Tex.1997). This inherent power to sanction exists to enable courts to perform their judicial functions effectively and to protect their dignity, independence, and integrity. *See Eichelberger v. Eichelberger,* 582 S.W.2d 395, 399 (Tex.1979). The power may be exercised to the extent

necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the traditional core functions of the court. *See Lawrence v. Kohl*, 853 S.W.2d 697, 700 (Tex.App.-Houston [1st Dist.] 1993, no writ). Lugo does not assert the trial court erred in awarding sanctions to Collin County because there was no evidence that her conduct or the conduct of her counsel interfered with the core functions of the court. Lugo argues only that the trial court did not have jurisdiction to award sanctions to Collin County because Collin County was not a party to the suit.

In support of her argument, Lugo cites authority holding that a trial court cannot impose sanctions against a nonparty. *See, e.g., In re Suarez*, 261 S.W.3d 880, 882 (Tex.App.-Dallas 2008, no pet.). Lugo cites no authority, however, and we have found none, holding that a court is without jurisdiction to award sanctions *in favor of* a nonparty that has been forced to participate in litigation by the party being sanctioned. The Texas Rules of Civil Procedure specifically contemplate awards in favor of nonparties to reimburse them for costs associated with subpoenas and discovery. *See* Tex.R. Civ. P. 205.3(f) & 176.7; *see also BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 872 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). Although the rules do not authorize an award of attorney's fees to nonparties as a matter of reimbursement, the court's power to award sanctions is not similarly limited. *Cf. BASF*, 168 S.W.3d at 875. We conclude Lugo's argument that Judge Khoury was without jurisdiction to award sanctions to Collin County is without merit.

■ Lugo additionally argues that she was not given proper notice or a meaningful opportunity to be heard on the sanctions issue. As a general rule, a party

made the subject of a sanctions motion must receive written notice of the allegations and a reasonable opportunity to respond. *See Low v. Henry*, 221 S.W.3d 609, 618 (Tex.2007). A party may waive proper notice, however, by failing to object in the trial court. *See id.* In this case, Sampley provided notice to Lugo that he was seeking sanctions in his response to the motion to recuse. Later, at the hearing on the motion to recuse, Collin County orally moved for sanctions and requested attorney's fees. Both Sampley and Collin County put on evidence of the amount of attorney's fees they were seeking, and Judge Khoury announced in open court that he was granting the sanctions requested. Although counsel representing Lugo was present at the proceedings, he raised no objection to the request, the evidence, or the award on the ground of lack of notice. We conclude, therefore, that this argument has been waived. Tex. R.App. P. 33.1(a)(1).

■ Lugo also argues Judge Khoury's finding that the motion to recuse was brought without good cause was in error. She asserts the evidence discussed in connection with her first two issues created sufficient grounds for the motion and it was error for Judge Khoury to conclude otherwise. As we discussed above, none of the alleged evidence Lugo relied upon in her motion was sufficient. Indeed, as we noted above, Lugo failed to make a showing of favoritism or antagonism. Because there was no evidence of bias that Texas law would recognize, we conclude Judge Khoury did not abuse his discretion in concluding the motion to recuse was brought without sufficient cause.

■ Lugo next argues that there has been no showing that she brought the motion solely for the purpose of delay. The record shows, however, that Lugo waited two months after the final orders in

the case were signed by the trial judge to file her motion to recuse. In addition, the filing resulted in the cancellation of the hearing on Lugo's motion for new trial. Given the timing of the motion and the absence of evidence to support it, we cannot say that Judge Khoury abused his discretion in finding Lugo brought the motion solely for the purpose of delay. *See Sommers,* 20 S.W.3d at 45.

Finally, Lugo suggests that the sanction imposed by Judge Khoury was arbitrary and unsupported by the record. Rule 18a(h) specifically allows the award of attorney's fees as a sanction for bringing a frivolous motion to recuse. *See* TEX.R. CIV. P. 18a(h). Furthermore, there is a direct nexus between filing a groundless motion and an award of attorney's fees related to addressing the motion. At the hearing, Sampley's attorney testified that Sampley had accrued $9,824 in fees and expenses up to the beginning of the proceedings and that he had spent another 4.4 hours working during the proceedings at a rate of $350 per hour. The attorney for Collin County testified the County had accrued $3,700 in attorney's fees. Both attorneys further testified that the fees were directly attributable to the motion to recuse. Lugo's counsel made no objection to any of the testimony supporting the amount of sanctions. We conclude, therefore, that Lugo's argument is without merit. Based on the foregoing, we resolve Lugo's third issue against her.

Sampley brings two cross-points of error. His first cross-point addresses Lugo's waiver of error on appeal. Due to our resolution of Lugo's issues above, it is unnecessary for us to address this point. In Sampley's second cross-point, he asks us to hold this appeal was frivolous and to render "appropriate orders." We decline to do so.

After reviewing the record, the applicable law, and the arguments on appeal, we conclude Lugo failed to show reversible error with respect to the denial of her motion to recuse and the award of sanctions. Accordingly, we affirm Judge Khoury's order in all respects.