**AFFIRM; and Opinion Filed May 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00894-CV

### ERIC DRAKE, Appellant
### V.
### KRISTINA KASTL, Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-09-01374-E**

## MEMORANDUM OPINION

Before Justices Brown, Stoddart, and O'Neill[1]
Opinion by Justice O'Neill

Eric Drake appeals the trial court's order that required the Dallas County Clerk to release to Kristina Kastl $11,231.13 for her attorney's fees and expenses related to her representation of appellant in the underlying case. In eleven issues, appellant challenges the award of attorney's fees to appellee and also the dismissal from the appeal by this Court of another party. We affirm.

### Background

Appellant was involved in a car wreck with Chong Park in February 2007.[2] Appellant sued Park and Sunhee Pi, whom appellant alleged own the vehicle and permitted Park to drive it.

---

[1] The Hon. Michael J. O'Neill, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2] Appellant's brief identifies the date of the car wreck as February 18, 2010. Appellant's original petition, filed on February 7, 2009, states the date of the wreck was February 20, 2007. We will use the date set out in the original petition, which was filed a year before the date given in appellant's brief.

On September 15, 2010, appellant and appellee entered into a retainer agreement and power of attorney. Appellee settled appellant's case against Park and Pi for $21,000 on December 14, 2011. When appellant failed to dismiss the suit, Pi and Park counterclaimed for breach of contract and moved for summary judgment. Appellant terminated appellee's representation orally on January 5, 2012 and notified the trial court of the termination on February 7, 2012. On February 13, 2012, the trial court signed a final judgment granting Pi and Park's motion for summary judgment. The two then deposited into the trial court's registry a check in the amount of $21,000. By order dated November 19, 2012, the trial court released to Drake the undisputed portion of the funds, and on May 31, 2013, conducted a hearing on appellee's motion to release the remaining funds. The trial court ordered the County Clerk to release $11,231.13 to appellee and $119.71 to appellant.

## Dismissal of Park from Appeal

In his eleventh issue, appellant contends this Court erred in dismissing Park as a party from the appeal. By order dated October 24, 2013, this Court granted the motion of Pi and Park to be dismissed from the appeal because the notice of appeal was untimely as to them. Appellant asserts that the dispute regarding appellee's attorney's fees kept his case against Park open. This Court noted in its October 24, 2013 order that the trial court's judgment as to Pi and Park was signed on February 13, 2012, and appellant did not file his notice of appeal in this case until June 5, 2013, making it untimely. *See* TEX. R. APP. P. 25.1(b), 26.1(a). We decline to revisit the dismissal order. We overrule appellant's eleventh issue.

## Denial of Motion to Recuse

In his tenth issue, appellant asserts the trial judge erred in conducting the May 31, 2013 hearing because the judge's "impartiality was questionable" and that the motion to recuse was improperly denied. Appellant states he had twice sued the trial judge and that there was a

–2–

pending lawsuit against the judge on the date of the hearing on attorney's fees. Thus, appellant contends, the judge should not have presided over the hearing and issued an order. Appellee responds that the trial judge did not abuse his discretion in not recusing himself despite appellant's repeated motions. Appellee responds that the motions to recuse were properly denied.

Among other grounds, a judge must recuse in any proceeding in which (1) the judge's impartiality might reasonably be questioned, or (2) the judge has a personal bias or prejudice concerning the subject matter or a party. TEX. R. CIV. P. 18b(b)(1), (2). We review an order denying a motion to recuse for an abuse of discretion. *See In re H.M.S.*, 349 S.W.3d 250, 253 (Tex. App.—Dallas 2011, pet. denied); *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). We examine the totality of the circumstances and will not reverse an assigned judge's ruling if it is within the zone of reasonable disagreement. *See In re H.M.S.*, 349 S.W.3d at 253; *In re C.J.O.*, 325 S.W.3d 261, 267 (Tex. App.—Eastland 2010, pet. denied). The movant bears the burden of proving recusal is warranted, and the burden is met only through a showing of bias or impartiality to such an extent that the movant was deprived of a fair trial. *See In Re H.M.S.*, 349 S.W.3d at 253. "Judicial rulings alone almost never constitute a valid basis for a motion to recuse based on bias or partiality." *In re H.M.S*, 349 S.W.3d at 253 (citing *Liteky v. United States*, 510 U.S. 540, 555 (U.S. 1994)). Moreover, merely naming a judge as a defendant in a lawsuit is an insufficient basis for recusal. *See Sommers*, 20 S.W.3d at 42.

The record reflects that appellant's original petition was filed on February 7, 2009 and assigned to the County Court at Law No. 5. The case proceeded in that court for three years. On January 19, 2012, appellee filed a motion to withdraw as counsel. On February 8, 2012, appellant filed his first motion to recuse Judge Greenberg, alleging bias and prejudice and that

appellant had filed suit against Judge Greenberg in federal court. The motion was referred to the Honorable John Ovard, who, by order dated February 16, 2012, denied the motion. The trial court entered a final judgment ordering payment of $21,000 into the court's registry. Judge Ovard denied appellant's "second demand for a hearing regarding" the recusal on March 12, 2012.

On April 10, 2012, appellant filed a second motion to recuse Judge Greenberg, again asserting the judge was biased and prejudiced against appellant and that appellant had filed a lawsuit against Judge Greenberg in federal court. On April 27, 2012, Judge Ovard denied appellant's second motion to recuse. The trial court denied appellant's motion for new trial and to reinstate the case.

On August 6, 2012, appellee filed a motion to release funds from those paid into the registry of the court as payment of her attorney's fees and costs. Appellant opposed the motion. Following a hearing, the trial court ordered the trial court clerk to release funds to appellee.

As to the claims of bias based on the trial judge's rulings, those alone did not constitute a valid basis for recusal. *See In re H.M.S*, 349 S.W.3d at 253. Rather, a party's remedy for unfair rulings is to assign error regarding the adverse rulings. *See Sommers*, 20 S.W.3d at 41. Moreover, merely naming a judge as a defendant in a lawsuit is an insufficient basis for recusal. *See id.* at 42. To mandate recusal in such circumstances, without more, would provide litigants an easy way to obtain reversal even if the judge in question was not shown to be biased or prejudiced against the movant. *Id*. Because appellant has failed to establish that Judge Greenberg was unable to rule impartially after appellant filed the lawsuit, we cannot conclude the trial court erred in denying the motion to recuse. We overrule appellant's tenth issue.

**Failure to Review Evidence**

In his eighth issue, appellant complains the trial court "erred in failing to want to review additional evidence" that appellant had to offer at the hearing. Appellee responds that appellant did not offer this other evidence at the hearing or receive a ruling excluding the evidence.

To raise a complaint on appeal regarding the exclusion of evidence, the record must show that the party actually offered the evidence and obtained an adverse ruling from the trial court. *Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 334–35 (Tex. App.—Dallas 2008, no pet.). "While the reviewing court may be able to discern from the record the nature of the evidence and the propriety of the trial court's ruling, without an offer of proof, we can never determine whether the exclusion of the evidence was harmful." *Id.* at 335.

Appellant complains the trial court "failed to want to review" the evidence appellant asserts he had in support of his claim. Nowhere in the record did appellant offer the evidence or receive a ruling from the trial court, nor did he make a bill of exception showing what that evidence was. *See id.*; *see also* TEX. R. APP. P. 33.1(a), 33.2. Accordingly, we conclude appellant has not preserved his complaint for review. We overrule appellant's eighth issue.

**Unconscionability**

In his third issue, appellant contends the trial court abused its discretion in awarding attorney's fees to appellee because the contract was unconscionable. Appellant argues that because appellee did not become his attorney until after the lawsuit was filed and other counsel had paid certain costs, the contract requiring forty percent of any recovery was "greedy, unconscionable, and it violates public policy." Appellee responds that the contract was neither unconscionable nor against public policy, and appellant's arguments do not take into effect the evidence of the work she performed after she took the case.

Appellant neither raised unconscionability in his objection to appellee's motion nor raised the issue at the hearing on the motion. No evidence was presented that the forty-percent contingency fee was unconscionable nor was the trial court asked to make any findings on that issue. Thus, we conclude appellant has not preserved his complaint for review. *Cf. Celmer v. McGarry*, 412 S.W.3d 691, 707 (complaint of unconscionability preserved where pleaded as defense and asserted in motion for new trial challenging jury finding). We overrule appellant's third issue.

### Award of Attorney's Fees

In his remaining seven issues, appellant challenges the trial court's award of attorney's fees to appellee on several multifarious grounds. Appellant asserts the written contract was superseded by a subsequent verbal agreement to reduce the contingency, appellee did not show she provided competent representation, appellant's case increased in value only after he "advised" appellee on how to properly prove up his claim, appellee's testimony was not truthful or trustworthy, appellant was forced to settle his claim, appellee did not perform her part of the contract, and the written contract did not apply. Appellee responds that each of appellant's issues is without merit. Because appellant asks that we "strike and vacate" the trial court's order awarding appellee her attorney's fees, we will treat his complaint as a challenge only to the legal sufficiency of the evidence to support the trial court's order.

In a nonjury trial, if no findings of fact or conclusions of law are requested by the parties or filed by the trial court, we imply all necessary findings to support the judgment. *Franco v. Lopez*, 307 S.W.3d 551, 554 (Tex. App.—Dallas 2010, no pet.). If the appellate record includes a reporter's record and a clerk's record, the appellant may challenge the implied findings on appeal for legal sufficiency of the evidence. *See id.*

In reviewing the sufficiency of the evidence, we are mindful that the trial court, as fact finder, was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *Helping Hands Home Care, Inc. v. Home Health of Tarrant County, Inc.*, 393 S.W.3d 492, 505–06 (Tex. App.—Dallas 2013, pet. denied). As such, the trial court may choose to believe one witness and disbelieve another. *See City of Keller*, 168 S.W.3d at 819. It is the fact finder's role to resolve conflicts in the evidence, and we may not substitute our judgment for that of the fact finder's. *See Helping Hands Home Care, Inc.*, 393 S.W.3d at 506. We must review the evidence in a light favorable to the verdict. *See City of Keller*, 168 S.W.3d at 819. "We will sustain a legal sufficiency or no-evidence challenge if the record shows: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact." *Helping Hands Home Care, Inc.*, 393 S.W.3d at 505 (citing *City of Keller*, 168 S.W.3d at 810).

Appellee testified that she and appellant entered a written contingency fee contract that provided for her to be paid forty percent of any recovery, plus costs and fees. She testified that she never verbally modified the contract, nor would she have in this case. Appellee denied that appellant had to advise her how to prove up the case or that she forced appellant to settle his case. Appellee testified to the work she did on appellant's case, and copies of the contract, receipts, and cancelled checks were admitted into evidence.

To the extent appellant complains appellee's testimony was not credible or trustworthy, that issue was for the trial court, as fact finder, to determine. *See City of Keller*, 168 S.W.3d at 819; *Helping Hands Home Care, Inc.*, 393 S.W.3d at 505–06. Viewing the evidence under the proper standard, we conclude it is legally sufficient to support the trial court's award of

attorney's fees to appellee.  We overrule appellant's first, second, fourth, fifth, sixth, seventh, and ninth issues.

We affirm the trial court's order.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

130894F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERIC DRAKE, Appellant

No. 05-13-00894-CV     V.

KRISTINA KASTL, Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-09-01374-E.
Opinion delivered by Justice O'Neill,
Justices Brown and Stoddart participating.

     In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment. We **ORDER** that appellee Kristina Kastl recover her costs of this appeal from appellant Eric Drake.

Judgment entered this 8th day of May, 2015.