**AFFIRM; and Opinion Filed December 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00685-CV

### JUAN F. QUINTANILLA, Appellant
### V.
### BAXTER PAINTING, INC., Appellee

### On Appeal from the 14th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-12-13607

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Brown

After he was injured on the job, Juan F. Quintanilla sued his employer Baxter Painting, Inc. for negligence. A jury returned a verdict in favor of Baxter Painting, and the trial court rendered a take-nothing judgment in accordance with the verdict. In a single issue on appeal, Quintanilla contends the trial court erred by refusing his request to exclude witnesses from the courtroom during trial. For the following reasons, we affirm the trial court's judgment.

In his pleadings, Quintanilla alleged he was seriously injured while working as a painter for Baxter Painting on a residential painting project. He asserted that he was standing on scaffolding and it suddenly moved, causing him to fall to the ground. Quintanilla contended the incident was proximately caused by Baxter Painting's negligence. Specifically, he alleged Baxter Painting failed to provide a safe workplace, proper equipment, and adequate training,

failed to warn of any dangers, and failed to adequately establish and enforce safety rules and regulations, among other things.

The case proceeded to a jury trial. At the end of Quintanilla's opening statement, his counsel asked the court if he could invoke "the rule." The trial judge responded that counsel had waived his request by not invoking the rule prior to his opening statement. After opposing counsel's opening statement, Quintanilla's counsel asked the judge to clarify whether he had lost his right to invoke the rule for the rest of the trial, and the judge responded that he had.

The trial lasted two days. Quintanilla's first witness was John Timothy Baxter, owner/president of Baxter Painting. Among other things, Baxter testified that his painters were instructed in weekly safety meetings to check equipment before using it to make sure it was in good working order. He also stated it was a rule not to move scaffolding around while people are on it. Baxter testified that safety meetings were held every Friday and all painters were required to attend. According to Baxter, scaffold safety was discussed every week at the meetings.

Quintanilla next called Troy Oswald, General Manager of Baxter Painting, as a witness. Oswald testified that he sat through Baxter's testimony and heard everything he said. Oswald also testified about Baxter Painting's weekly safety meetings. He helped conduct the meetings. He testified that on Fridays, he talked to employees about scaffolding, ladder safety, and fall protection. He also discussed with employees the importance of checking equipment before using it. He would tell painters to always look at the equipment, make sure it was safe, and let the company know right away if anything was unsafe. Oswald was unaware of any broken wheel locks on Baxter Painting's scaffolding, and no one had reported that any locks weren't working. Oswald also stated it was against the rules to be pushed around on scaffolding.

Quintanilla testified that on the day of his injury, he was on scaffolding and "[s]omebody would come by and move the scaffold in order to be able to go into the next section." At some point, he asked another painter, Abner Diaz, to move him and Diaz did. Quintanilla testified Diaz supposedly put the brakes on and that Quintanilla felt Diaz push the brakes. A couple of minutes later, the scaffold slipped from under him. According to Quintanilla, Oswald, Diaz, and other workers all knew the wheel locks on Baxter Painting's scaffolding did not work. Quintanilla testified that, in the year he worked for Baxter Painting, there weren't safety meetings every Friday at his job locations. He testified he went to about three such meetings.

Quintanilla also presented the testimony of Diaz and a chiropractor. Baxter Painting called one witness, Lorenzo Retana, who testified he was a former supervisor or safety manager for Baxter Painting.

The jury was asked if the negligence of Baxter Painting proximately caused the occurrence in question. It answered no. In accordance with the verdict, the trial court rendered a judgment ordering that Quintanilla take nothing. This appeal followed.

Quintanilla contends the trial court erred in refusing to invoke the rule and exclude nonexempt witnesses from the courtroom. Sequestration in civil litigation is governed by Texas Rule of Evidence 614 and Texas Rule of Civil Procedure 267. *Drilex Sys., Inc. v. Flores*, 1 S.W.3d 112, 116 (Tex. 1999). These rules provide that, at the request of any party, the witnesses on both sides shall be removed from the courtroom to some place where they cannot hear the testimony delivered by any other witness in the cause.[1] *Id.*; TEX. R. CIV. P. 267; TEX. R. CRIM. EVID. 614. Sequestration minimizes witnesses' tailoring their testimony in response to that of

___

[1] Specifically, rule 267 provides, "At the request of either party, in a civil case, the witnesses on both sides *shall* be sworn and removed out of the courtroom to some place where they cannot hear the testimony as delivered by any other witness in the cause." TEX. R. CIV. P. 267(a) (emphasis added). Rule 614 provides, "At a party's request, the court *must* order witnesses excluded so that they cannot hear other witnesses' testimony." TEX. R. EVID. 614 (emphasis added). The following witnesses are not required to be sequestered: (1) a party who is a natural person or the spouse of such natural person, (2) an officer or employee of a party that is not a natural person and who is designated as its representative, and (3) a person whose presence is shown by a party to be essential to the presentation of the cause. TEX. R. CIV. P. 267(b).

other witnesses and prevents collusion among witnesses testifying for the same side. *Drilex*, 1 S.W.3d at 116. Sequestration is mandatory upon the request of a party. *See Elbar, Inc. v. Claussen*, 774 S.W.2d 45, 51 (Tex. App.—Dallas 1989, writ dism'd). Here, prior to the testimony of any witness, Quintanilla requested that the rule be invoked. We conclude the trial court erred in refusing to invoke the rule. *See In re H.M.S.*, 349 S.W.3d 250, 253 (Tex. App.—Dallas 2011, pet. denied).

This Court has held that the erroneous failure to exclude witnesses from the courtroom is not reversible unless it is shown to be harmful. *Id.* Quintanilla agrees that a showing of harm is required and maintains he has shown the error was harmful in that it probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). He contends that at trial Oswald changed his testimony from that given earlier in a deposition to give more detail about the topics discussed at the weekly safety meetings and to indicate that Diaz did not have a supervisory role over Quintanilla. Quintanilla argues Oswald altered his testimony to conform to Baxter's testimony.

In his appellate brief, to demonstrate harm, Quintanilla quotes from Oswald's deposition. Oswald's deposition was not offered into evidence at trial. For his record references, Quintanilla directs us to excerpts of the deposition that appear in the appellate record in an attachment to a formal bill of exception. Quintanilla does not mention the bill of exception in his brief. He filed the bill in the trial court while this appeal was pending. Quintanilla asked the trial court to approve the bill and file it with the clerk so Oswald's deposition would be properly included in the clerk's record on appeal. Baxter Painting did not agree to the contents of Quintanilla's bill of exception, arguing that Oswald's deposition was not offered as evidence at trial. In response, Quintanilla stated he was not offering the deposition testimony because it was wrongfully excluded at trial, but rather to show the harm that resulted from the court's failure to invoke the

–4–

rule. We abated the appeal to allow the trial court to conduct the necessary proceedings. The trial judge conducted a hearing on Quintanilla's bill of exception at which it orally denied the bill. We then reinstated the appeal.

The purpose of a bill of exception is to allow a party to make a record for appellate review of matters that do not otherwise appear in the record, such as evidence that was excluded. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006); *see* TEX. R. APP. P. 33.2. If the parties agree on the contents of the bill of exception, the judge must sign the bill and file it with the trial court clerk. TEX. R. APP. P. 33.2(c)(2). If the parties do not agree on the contents, the trial judge must do one of three things:

> (A) sign the bill of exception and file it with the trial court clerk if the judge finds that it is correct;
>
> (B) suggest necessary corrections to the bill so it accurately reflects the proceedings in the trial court, and if the party agrees to the corrections, have the corrections made, sign the bill, and file it with the trial court clerk; or
>
> (C) if the complaining party will not agree to the suggested corrections, return the bill to the complaining party with the judge's refusal written on it, and prepare, sign, and file with the trial court clerk such bill as will, in the judge's opinion, accurately reflect the proceedings in the trial court.

*Id.*

Quintanilla used the bill of exception procedure to include Oswald's deposition testimony in the appellate record. But the trial court denied the bill of exception, and Quintanilla has not raised a complaint on appeal about the trial court's actions regarding his bill. Oswald's deposition testimony, not offered into evidence at trial and attached to a bill of exception that was not agreed to by Baxter Painting and not approved by the trial court, is not properly before us.[2] *See Cont'l Coffee Prods. Co. v. Cazarez*, 903 S.W.2d 70, 80 (Tex. App.—Houston [14th

---

[2] Critically, Quintanilla himself testified that he knew about scaffolding safety and the dangers presented. And, Quintanilla called Diaz who testified that he was an independent contractor, for whom Baxter Painting would not be responsible. This testimony, adduced by the appellant himself on these topics, militates any claim of harm in this case from Baxter and Oswald testifying on these same matters despite the invocation of the rule.

Dist.] 1995), *aff'd in part and rev'd in part on other grounds*, 937 S.W.2d 444 (Tex. 1996); *see also McInnes v. Yahama Motor Corp., U.S.A.*, 673 S.W.2d 185, 187 (Tex. 1984) (fact that excluded deposition was on file with trial court and part of appellate record not sufficient to make it proper bill of exception). Accordingly, Quintanilla's efforts to show harm due to the differences between Oswald's trial testimony and deposition testimony fail.[3] We conclude Quintanilla has not shown the trial court's error in failing to exclude witnesses from the courtroom probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). And Quintanilla has made no attempt to argue that, under the second part of rule of appellate procedure 44.1(a), the trial court's error probably prevented him from properly presenting his case to this Court. *See id.* 44.1(a)(2). Under the facts and the arguments before us in this case, we cannot conclude Quintanilla has established that the error was reversible. We overrule Quintanilla's sole issue.

Baxter Painting has filed a "motion for damages" asking this Court to impose damages against Quintanilla for filing a frivolous appeal. *See id.* 45. An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe the judgment would be reversed or if an appeal is pursued in bad faith. *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.). We award damages only under those circumstances we find truly egregious. *Id.* This is not such a circumstance. Indeed, we agreed with Quintanilla that the trial court erred in refusing his request to invoke the rule. Accordingly, we deny Baxter Painting's motion for damages.

---

[3] At oral argument, Quintanilla argued that he showed Oswald's testimony had changed by impeaching him at trial with his deposition testimony. The record reflects that Quintanilla's counsel asked Oswald about two differences between his deposition and trial testimony, namely: (1) whether Oswald touched the wheel locks to inspect them or merely visually inspected them, and (2) whether he talked to Quintanilla after the incident. These are not the discrepancies mentioned in Quintanilla's briefing.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

140685F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN F. QUINTANILLA, Appellant

No. 05-14-00685-CV     V.

BAXTER PAINTING, INC., Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-13607.
Opinion delivered by Justice Brown, Justices
Lang-Miers and Schenck participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

     It is **ORDERED** that appellee BAXTER PAINTING, INC. recover its costs of this appeal from appellant JUAN F. QUINTANILLA.

Judgment entered this 1st day of December, 2015.