

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00418-CV

RONALD SPRIGGS AND LEVI SPRIGGS, APPELLANTS

V.

ALBENITA GONZALES, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 69,573-B, Honorable Edward Lee Self, Presiding

September 14, 2018

## ORDER ON MOTION TO RECUSE

Before CAMPBELL and PARKER, JJ.

On June 28, 2018, the Court issued its opinion in this appeal.[1] The three-judge panel that decided the appeal consisted of two members of the Court, Justice James T. Campbell and Justice Judy C. Parker, and the Honorable Les Hatch, Judge of the 237th District Court, Lubbock County, assigned to this Court by the Chief Justice of the Supreme Court of Texas.

---

[1] *Spriggs v. Gonzales,* No. 07-16-00418-CV, 2018 Tex. App. LEXIS 4875 (Tex. App.—Amarillo June 28, 2018, n. pet. h.) (mem. op.).

On July 13, appellants Ronald Spriggs and Levi Spriggs filed a motion seeking en banc reconsideration of the panel's opinion. On July 16, Ronald Spriggs filed an unsworn "supplement" to the motion. The supplement contains paragraphs expressing objection to Judge Hatch's participation on the panel and referring to rules of civil and appellate procedure concerning recusal of judges. For that reason, we have treated the supplement as a motion to recuse Judge Hatch from further participation in the appeal.[2]

On July 23, Ronald Spriggs filed a second supplement and brief in support of his motion for en banc reconsideration, containing additional contentions that Judge Hatch's assignment to the panel was contrary to law.[3]

Appellate rule 16.3 provides the procedure for recusal of an appellate justice:

> Before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc. The challenged justice or

---

[2] The Court's letter issued pursuant to appellate rule 39.8 did not advise the parties of the names of the members of the panel who would decide the case. TEX. R. APP. P. 39.8. Ronald Spriggs asserts that he would have "strongly objected" to Judge Hatch's assignment to the panel had he been aware of it before the opinion was issued. Under the applicable statute, because Judge Hatch is an active district court judge, his assignment was not subject to objection. TEX. GOV'T CODE ANN. § 75.551(b), (e) (West 2013). We find Ronald Spriggs' motion to recuse Judge Hatch satisfies the requirement of appellate rule 16.3(a) that a motion to recuse be filed promptly after the party has reason to believe the justice should not participate in deciding the case. TEX. R. APP. P. 16.3(a).

[3] The second supplement also contained a request that the appeal be transferred to a different court of appeals. We forwarded the request to the Supreme Court of Texas in accordance with paragraph 4.01 of Misc. Docket No. 06-9136 (Sept. 22, 2006), and the Supreme Court denied the transfer request. *Spriggs v. Gonzales,* Misc. Docket No. 18-9107 (Tex. Aug. 2, 2018).

Order available at: http://www.txcourts.gov/media/1442063/189104.pdf.

> judge must not sit with the remainder of the court to consider the motion as to him or her.

TEX. R. APP. P. 16.3(b).

En Banc Court

After considering Ronald Spriggs' contentions, Judge Hatch did not remove himself from the case but, before any further proceedings in the appeal, certified the matter to the Court. Under appellate rule 16.3, motions to recuse that are certified to the "entire court" by the challenged justice are to be decided by "a majority of the remaining judges sitting en banc." TEX. R. APP. P. 16.3(b). "An en banc court consists of all members of the court who are not disqualified or recused and—if the case was originally argued before or decided by a panel—any members of the panel who are not members of the court but remain eligible for assignment to the court." TEX. R. APP. P. 41.2(a) ("constitution of en banc court").

Before this appeal was assigned and submitted to a panel, Chief Justice Brian Quinn and Justice Pat Pirtle voluntarily recused from participation in the appeal. The panel to which the appeal was assigned consisted of the two remaining members of the court, Justices Campbell and Parker, and Judge Hatch. Under these circumstances, the issue of Judge Hatch's recusal is to be determined by the members of the court who are not recused, those being the two members of the court who sat on the panel. Justices Campbell and Parker have deliberated the motion to recuse Judge Hatch. Judge Hatch did not sit with Justices Campbell and Parker when Ronald Spriggs' challenge was considered. *See* TEX. R. APP. P. 16.3(b) (providing challenged justice "must not sit" with remainder of court to consider recusal motion).

Analysis

Appellate rule 16.2 provides in part that the grounds for recusal of an appellate court justice are the "same as those provided in the Rules of Civil Procedure." TEX. R. APP. P. 16.2. Ronald Spriggs raises three grounds which he asserts require Judge Hatch's recusal: Judge Hatch's impartiality might reasonably be questioned; he has a personal bias or prejudice concerning the subject matter or a party; and he has a financial interest in the subject matter of the controversy that could be substantially affected by the outcome. *See* TEX. R. CIV. P. 18b(b)(1), (2), (6).

Ronald Spriggs contends the grounds alleged are supported by two occurrences. First, Ronald Spriggs states that when Judge Hatch was in private law practice Ronald Spriggs and Judge Hatch represented opposing parties in a lawsuit. He states Judge Hatch was to take the depositions of Ronald Spriggs' clients but was mistaken about the time the depositions were scheduled. He states Judge Hatch, traveling from Lubbock to Amarillo, did not appear for the depositions. He states that, despite efforts, the Spriggs law office could not make contact with Judge Hatch, and therefore "sent the clients home." He states that in his later telephone conversation with Judge Hatch the "language from both of the parties was foul and there were threats made." He states that "Ronald Spriggs will never forget that phone call and he is certain [Judge] Hatch still remembers it, too."

Second, Ronald Spriggs points to the fact the rulings under review in this appeal were in part made by the Honorable Kelly Moore, presiding judge of the Ninth Administrative Judicial Region. As our opinion discusses, Judge Moore imposed a monetary sanction against Ronald Spriggs' son, attorney Levi Spriggs. In his supplement

4

Ronald Spriggs argues, "Judge Hatch's ruling could have affected his income. Judge Hatch had a financial reason to rule for Judge Moore's ruling. To disagree with the [p]residing [j]udge might have resulted in no new assignments. All of [J]udge Hatch's assignments will depend on his relationship with presiding judge, Kelly Moore."

One seeking recusal of a judge must satisfy a "high threshold" before the judge must be recused. *Ex parte Ellis,* 275 S.W.3d 109, 116 (Tex. App.—Austin 2008, no pet.) (citing *Liteky v. United States*, 510 U.S. 540, 562 (1994) (Kennedy, J., concurring)). Evaluating the necessity for recusal, we consider "whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial." *Rogers v. Bradley,* 909 S.W.2d 872, 881 (Tex. 1995) (Enoch, J., concurring); *accord*, *In re Fifty-One Gambling Devices, Twenty Six Thousand Eight Hundred Eighty Dollars in United States Currency,* 298 S.W.3d at 768, 775 (Tex. App.—Amarillo 2009, pet. denied). "But, that 'reasonable person' must be aware of the 'facts of life' which surround the judiciary." *Aguilar v. Anderson,* 855 S.W.2d 799, 805 (Tex. App.—El Paso 1993, writ denied) (Osborn, C.J., concurring). It is the burden of a party moving for recusal of a judge to prove recusal is warranted, and the burden is discharged only on a showing of bias or partiality to such a degree as to deprive him of a fair proceeding. *See In re H.M.S.,* 349 S.W.3d 250, 253-54 (Tex. App.—Dallas 2011, pet. denied). "Of necessity, the determination whether recusal is necessary must be made on a case-by-case fact-intensive basis." *Williams v. Viswanathan,* 65 S.W.3d 685, 688 (Tex. App.—Amarillo 2001, order).

In his certification of the recusal motion to the Court, Judge Hatch has stated that the occasions he recalls on which he and Ronald Spriggs represented opposing parties occurred during the 1990s. He states he does not recall the contentious telephone conversation that Ronald Spriggs describes, and "categorically" states that he holds no bias against Ronald or Levi Spriggs. The Court finds a reasonable member of the public would not question Judge Hatch's impartiality as an appellate judge based on the years-ago telephone conversation described by Ronald Spriggs that occurred while he and Judge Hatch were representing opposing clients. The Court further finds that a reasonable member of the public would not believe the telephone conversation demonstrates a personal bias or prejudice by Judge Hatch concerning the issues in this appeal or either of appellants. "The acquired skill and capacity to disregard extraneous matters is one of the requisites of judicial office." *Liteky*, 510 U.S. at 562 (Kennedy, J., concurring).

As for recusal based on the assignment authority of Judge Moore as regional presiding judge, the Court finds no merit in Ronald Spriggs' contention. Rule 18b provides for recusal of a judge who "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." TEX. R. CIV. P. 18b(b)(6).[4] Ronald Spriggs does not contend that Judge Hatch has a financial interest in the subject matter of Albenita Gonzales's suit against appellants, or in any party to that case. With regard to any other interest of Judge Hatch that could be substantially affected by the outcome of the appeal,

---

[4] *See* TEX. R. CIV. P. 18b(d)(4) (defining "financial interest" to mean "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party").

we note that Judge Hatch was assigned to sit with the Seventh Court of Appeals by order of the Chief Justice of the Supreme Court of Texas, not by Judge Moore. The regional presiding judge plays no role in assignments to this Court. *See* TEX. GOV'T CODE ANN. § 74.003 (West 2013).[5]

Judge Hatch is an active judge presiding over a state judicial district court. Following appointment to that judicial office in 2009 by the governor, Judge Hatch serves the 237th Judicial District of Lubbock County by the action of its voters, not Judge Moore. *See* TEX. CONST. art. V, § 7 (a district judge shall be elected by the qualified voters at a general election).

Judge Hatch has the duty to preside over other trial courts if assigned by the regional presiding judge. TEX. GOV'T CODE ANN. §§ 74.056, 74.058 (West 2013) (assignment by presiding judge; duty to serve when assigned). If such an assignment is to a court outside his district or county, statute provides he may be entitled to receive any difference between his compensation as judge of the 237th District Court and the compensation paid the judge of the court to which he is assigned, and is entitled to a per diem of $25 and reimbursement for his actual expenses. TEX. GOV'T CODE ANN. § 74.061 (West 2013). In his certification, Judge Hatch stated that, since he assumed office in 2009, he has been assigned to a court outside his district and county on a few occasions, and "on most of those occasions" has been paid the per diem and expense reimbursements provided by statute. We find Ronald Spriggs has made no showing that

---

[5] As Judge Hatch's certification points out, he receives no additional salary for accepting assignment to cases pending before the Seventh Court, and he has received no compensation of any kind from the Seventh Court.

the per diem, expense reimbursement and possible additional compensation provided by statute for an active district judge serving outside the judge's district or county is the type of "other interest" the recusal rule addresses.  Nor has he shown how any reasonable member of the public would consider the prospect of future assignments from Judge Moore under Government Code Chapter 74 could be substantially affected by the outcome of this appeal.

We conclude none of the grounds Ronald Spriggs cites for Judge Hatch's recusal has merit.  Accordingly, the motion to recuse Judge Hatch is denied.[6]

Per Curiam

---

[6] In his second supplement, Ronald Spriggs asserts that Judge Hatch was statutorily ineligible for assignment to this Court because he does not meet the requirements stated in Government Code subsection 74.003(b)(1), in that he has not served 48 months on an appellate court.  By its terms, subsection 74.003(b) applies only to retired justices or judges of the supreme court, the court of criminal appeals or a court of appeals.  TEX. GOV'T CODE ANN. § 74.003(b) (West 2013).  It has no application to active district court judges like Judge Hatch.  See TEX. GOV'T CODE ANN. § 74.003(h) (stating "[n]otwithstanding any other provision of law," active district court judge may be assigned to hear matter pending in appellate court).