

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00342-CV

Richard A. **RODRIGUEZ**,
Appellant

v.

**JPMORGAN CHASE BANK, N.A.**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2000-CI-12923
Honorable Dick Alcala, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  June 17, 2015

AFFIRMED

### FACTS AND PROCEDURAL HISTORY

In December 1995, Appellant Richard Rodriguez (Rodriguez) purchased a house, the subject real property of this suit, with the proceeds of a loan obtained from First Texas Mortgage, predecessor in interest to Appellee, JPMorgan Chase Bank (JPMorgan).  The mortgage loan was secured by a vendor's lien and deed of trust covering the real property.  Rodriguez made his last payment on the mortgage loan in January 2000.

On July 7, 2000, the current note-holder First National Bank of Chicago (FNB Chicago), acting through its loan servicer and representative law firm, sent Rodriguez a letter notifying Rodriguez the maturity date of the note was accelerated and noticing non-judicial foreclosure on August 1, 2000. After some communications between the parties, this foreclosure did not take place. Rodriguez did not make any further payments on the mortgage loan. Again, on August 11, 2000, FNB Chicago, acting through its loan servicer and representative law firm, sent Rodriguez an identical letter as that of July 7, notifying Rodriguez the maturity date of the note was accelerated and noticing non-judicial foreclosure on September 5, 2000. Rodriguez filed suit against FNB Chicago on September 5, 2000, seeking a temporary restraining order and temporary injunction to enjoin foreclosure on his home. In his petition, Rodriguez asserted causes of action for violation of due process, breach of repayment agreement and unjust enrichment. The trial court granted a temporary restraining order and later, temporary injunction, enjoining foreclosure during the pendency of the legal action and until final judgment was rendered.

After some delay and litigation involving several motions for summary judgment, on August 11, 2004, FNB Chicago filed an amended answer and counterclaim asserting a breach-of-contract counterclaim and seeking declaratory judgment related to Rodriguez's purported failure to make payments on his mortgage loan. Much later, on April 20, 2012, JPMorgan filed an amended answer and amended counterclaims, in which it sought declaratory judgment that JPMorgan was the holder of the note and could proceed with foreclosure due to Rodriguez's breach, as well as declaratory judgment that JPMorgan held superior title to the subject property secured by a vendor's lien. JPMorgan also asserted a counterclaim for breach of contract and, as remedy, sought non-judicial foreclosure, and alternatively, a judgment for judicial foreclosure on the property.

After some time, the cause was set for trial on February 10, 2013. On the morning of trial, in accordance with Texas Rule of Civil Procedure 248, JPMorgan filed a motion requesting the trial court determine whether JPMorgan's claims were barred by the statute of limitations as a matter of law, as there were no disputed issues of fact relevant to this determination. Rodriguez agreed the trial court should determine the statute of limitations issue as a matter of law, although on an independent and different legal ground than that asserted by JPMorgan. Rodriguez admitted there were no factual issues for the trial court to determine with regard to his argument. Rodriguez specifically admitted the issue whether the original acceleration of the mortgage loan occurred on July 7 or August 11 was not important because his argument that limitations barred JPMorgan's actions could be determined as a matter of law without making this factual determination.

Therefore, while the parties proceeded on different legal grounds, both parties asserted the trial court should determine the limited issue whether the statute of limitations barred JPMorgan's request for judicial foreclosure, only, as a matter of law. Over Rodriguez's objection based upon lack of notice and opportunity to respond, the trial court addressed JPMorgan's motion before trial, accepted evidence and argument from both parties, and held JPMorgan's action seeking judicial foreclosure was not barred by limitations, as a matter of law. After a two-day trial, the jury returned a verdict in favor of JPMorgan. Rodriguez then perfected this appeal in which he asserts nine points of issue.

## ANALYSIS

*Point of Issue One:*     *The trial court erred by denying the affirmative defense of statute of limitations asserted by Richard Rodriguez, when he was the plaintiff, regarding the counterclaim filed against him.*

Rodriguez first asserts a general argument that the trial court erred by denying his statute-of-limitations defense. Aside from more specific arguments which pertain to the remaining points

of issue, Rodriguez fails to assert any particular error committed by the trial court and fails to provide any supporting caselaw or citation to the record to support this general challenge.

Texas Rule of Appellate Procedure 38.1(i) requires an appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see also Hernandez v. Hernandez*, 318 S.W.3d 464, 466–67 (Tex. App.—El Paso, no pet.). Accordingly, to adequately brief an issue, an appellant must discuss assertions of error and must present argument explaining why the law stated in the cited authorities is applicable to the facts of the case and why it supports the party's position. TEX. R. APP. P. 38.1(i); *see also Hernandez*, 318 S.W.3d at 466–67. An appellate court has "no duty-or even right-to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez*, 318 S.W.3d at 466; *see also Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding issue inadequately briefed when party summarily stated his point of issue, without citations to legal authority or substantive analysis).

When, as here, an appellate issue is asserted generally, but not supported by argument or citation to the record or legal authority, nothing is presented for review. In this instance, Rodriguez presents no specific argument addressing a particular error committed by the trial court to support Point of Issue One. For this reason, Rodriguez's brief is not sufficient to acquaint the court with a specific challenge and does not present an argument that would allow this court to decide an appellate issue. *See Hernandez*, 318 S.W.3d at 466–67; *Wheeler*, 95 S.W.3d at 646.

Consequently, because Rodriguez's first point of issue is inadequately briefed, it is overruled.

*Point of Issue Two:* *The trial court erred by denying the affirmative defense of the statute of limitations because the express language of the Texas Civil Practice and Remedies Code § 16.035 requires that a pleading for a judicial foreclosure explicitly state that it is a suit for a judicial foreclosure or to foreclose a lien, and JPMorgan's amended counterclaim specifically asserting this cause was not filed until limitations had run.*

Rodriguez asserts the relevant statute establishing limitations, in this situation Texas Civil Practice and Remedies Code § 16.035, mandates that to effectively file suit for a judicial foreclosure, and thus, stop limitations from running, the pleading "must expressly include words making it clear that suit is 'for recovery of real property under a real property lien or the foreclosure of a real property lien.'" Rodriguez contends the Texas Legislature intentionally used very specific language in Section 16.035, for example, the title of the section is "Lien on Real Property" and subsection (a) states, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien," and therefore, this specific language must be included in a complaint to assert a cause for suit for judicial foreclosure, and thus, stop limitations from running. At the pre-trial hearing on the statute-of-limitations, counsel for Rodriguez argued,

> Our position on the plain language of the Texas Civil Practice and Remedies Code is that the contents are relevant. The limitations provision in the Texas Civil Practice and Remedies Code says a suit for judicial foreclosure, so those words can only mean that you put in your pleading, "This is a claim in a suit for judicial foreclosure." And that did not happen in their original counterclaim. So we think that the plain language of the Texas Civil Practice and Remedies Code requires you to put in your pleading, "This is a suit for judicial foreclosure," and they didn't do that.

Therefore, Rodriguez's argument before the trial court and argument on appeal is that JPMorgan's original answer and counterclaim did not contain the specific language required by Section 16.035(a), therefore, limitations pertaining to judicial foreclosure continued to run until JPMorgan filed its amended answer and counterclaim, which included this specific language, on April 20, 2012. By this time, Rodriguez asserts, JPMorgan was well beyond the limitations period.

Rodriguez contends because there is a distinct difference between a suit for breach of contract, asserted in the original answer and counterclaim, and a suit to foreclose on a lien, and because Section 16.035 requires specific language to assert a suit for judicial foreclosure, the relation back doctrine does not apply in this situation.

As asserted by Rodriguez, the applicable statute of limitations provided under Texas Civil Practice and Remedies Code § 16.035 states, in part:

> (a)  A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues;
> (b) A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues;
> …
> (d) On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a), (b), (d).

Thus, Section 16.035 provides a four-year limitations bar for two different situations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035. The first situation pertains to what is referred to as "judicial foreclosure", that is, the filing of a suit to foreclose on a real property lien. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a). In this situation, the lien holder must file suit to foreclose the real property lien no later than four years after the day the cause of action accrues. *Id*.; *Landers v. Nationstar Mortg., LLC*, 2015 WL 1623280, at \*2 (Tex. App.—Tyler 2015, mot. ext. time to file pet. gtd.); *Nat'l City Bank of Ind. v. Ortiz*, 401 S.W.3d 867, 885–86 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). The second limitation bar, subsection (b), pertains to "non-judicial foreclosure" governed by Chapter 51 of the Property Code, that is, the foreclosure and sale of real property securing a mortgage or deed of trust exercised under the terms of the instrument. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(b); *see also* TEX. PROP. CODE ANN. § 51.001 (West 2015). In this situation, foreclosure may be conducted outside the judicial system, and the power of sale

in a mortgage or deed of trust must be exercised no later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(b); TEX. PROP. CODE ANN. § 51.001; *see also Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). Because Rodriguez's statute-of-limitation argument pertains to JPMorgan's pursuit of judicial foreclosure only, Section 16.035(a) is the only section relevant to this court's review on appeal.

We refrain from reading Section 16.035(a) as strictly as Rodriguez suggests. Nothing in the language of the statute requires that a plaintiff who seeks judicial foreclosure on real property specifically state in the petition the exact language contained in Section 16.035(a). While a party seeking judicial foreclosure must satisfy the Texas Rules of Civil Procedure, generally, with regard to sufficiency of pleading, Section 16.035(a) does not require specific language to effectively file suit or to stop limitations from running, as Rodriguez asserts. Most importantly, Section 16.035(a) does not expressly state that a suit seeking judicial foreclosure is exempt from the relation back doctrine set forth in Section 16.068, nor do we find any reason to apply such exemption.

The relation-back doctrine derives from Section 16.068 of the Civil Practice and Remedies Code, which states:

> [i]f a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West 2015). Section 16.068 is a tolling statute that stops the clock at the time the original petition is filed, if filed within the limitations period. *See Almazan v. United Servs. Auto. Ass'n*, 840 S.W.2d 776, 779 (Tex. App.—San Antonio 1992, writ denied).

In this case, JPMorgan (through its predecessor) asserted a cause of action for breach of contract in its original counterclaim based upon Rodriguez's purported failure to make payments on his mortgage loan. In its amended counterclaim, JPMorgan asserted judicial foreclosure as a basis of recovery for the first time. This assertion is also based upon Rodriguez's purported failure to make payments on his mortgage loan.

Thus, the amended counterclaim, seeking judicial foreclosure is based upon the same facts, transactions or occurrences as the breach of contract cause of action asserted in the original counterclaim. For this reason, the amended counterclaim filing falls within the relation-back doctrine, and thus, for the purpose of determination of the statute of limitation, the date the amended counterclaim was filed relates back to the date the original counterclaim was filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068. While Rodriguez argues a cause of action for breach of contract is distinct from a cause of action for judicial foreclosure, the amended counterclaim seeking judicial foreclosure must be based upon a new, distinct, or different transaction or occurrence to be excepted from application of the relation back doctrine. *See id.* If the legislature intended that a party must use specific language to assert an action under Section 16.035(a), and therefore, to stop limitations from running on that cause of action, or that such an action is exempt from the relation back doctrine, it would have included this specific requirement and exemption in Section 16.035(a) or the Texas Rules of Civil Procedure.

Rodriguez proposes the case *Aguero v. Ramirez* supports his position that Section 16.035(a) requires JPMorgan to expressly state in its pleading its intent to file suit for judicial foreclosure and must file the pleading prior to expiration of the statute of limitations to preserve this cause of action. *See Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied).

We do not agree with Rodriguez's interpretation or application of the holding in *Aguero* to support this argument. Rodriguez is correct that *Aguero* states the general rule that a note and a deed-of-trust lien afford separate and distinct obligations in the event of default: the note is enforced against the borrower, personally, and the lien is enforced against the subject real property. *Id.*; *Stephens v. LPP Mortg., Ltd.*, 316 S.W.3d 742, 747–48 (Tex. App.—Austin 2010, pet. denied). For this reason, a lien creditor may pursue foreclosure of a lien against real property under the deed of trust independent of any litigation asserting an action against the same borrower for collection on the note and foreclosure of the property serving as collateral on the note. *See Aguero*, 70 S.W.3d at 374; *Stephens*, 316 S.W.3d at 747–48. Thus, *Aguero* discusses the distinction set forth in Section 16.035(a) and Section 16.035(b) between a suit for judicial foreclosure and foreclosure under a deed of trust, even though both remedies may relate to the same facts and the same real property. Pursuant to Sections 16.035(a) and (b), and as explained in *Aguero*, foreclosure is an independent action against the collateral and may be conducted without judicial remedy or litigation. On the other hand, enforcement of a note, even if secured by the same property, requires a personal action against the signatory, and thus, a judicial proceeding. *Bierwirth v. BAC Home Loans Servicing, L.P.*, 2012 WL 3793190 at \*3-4 (Tex. App.—Austin 2012, pet. denied).

While the two foreclosure remedies are distinct, as Rodriguez asserts, nothing in Section 16.035(a) or the caselaw following it or in *Aguero* requires that a party include the specific words contained in Section 16.035(a), that suit is "for recovery of real property under a real property lien or the foreclosure of a real property lien", to stop the applicable limitations period from running. Nor does Section 16.035(a) require that such suit be filed prior to expiration of the applicable statute of limitation or that an action for judicial foreclosure is exempt from the relation back doctrine. *Aguero* does not support this proposition.

Thus, the trial court did not err by denying Rodriguez's assertion of statute-of-limitations defense prior to trial based upon this ground. Rodriguez's second issue is overruled.[1]

*Point of Issue Three: JPMorgan waived any issue of abandonment of acceleration of the note by not requesting a jury question on it.*

Rodriguez argues that because JPMorgan "did not insist on a question for the jury regarding limitations and abandonment of acceleration," JPMorgan cannot rely on abandonment of the initial acceleration to suspend the running of limitations.

The issue whether JPMorgan abandoned the initial acceleration on July 7, 2000, pertains only to determination of the viability of Rodriguez's statute-of-limitations defense. Prior to trial, both parties advised the trial judge that the statute-of-limitations issue needed to be determined as a matter of law, although both parties asserted different legal reasons for determination in their favor. Based upon this request, the trial court heard argument and accepted evidence prior to trial and ruled in JPMorgan's favor by denying Rodriguez's statue-of-limitations defense. The parties did not present argument, and the trial court did not receive evidence, on the factual issue regarding the specific acceleration date, nor did the trial court rule on this issue because the parties agreed it was not pertinent to the issues of law presented. Both parties asserted their argument could be determined as a matter of law without determination of this factual issue.

Thus, based upon the trial court's pre-trial favorable ruling, JPMorgan had no reason to request a jury question on the issue whether JPMorgan abandoned its original acceleration of the note or any other factual issue pertaining to limitations, as Rodriguez asserts. Based upon the favorable ruling, JPMorgan was not compelled to preserve any error on this point, nor advance any argument pertaining to potential abandonment of its acceleration of the subject mortgage loan.

---

[1] Because this court overrules Rodriguez's second point of issue based upon the substance of Rodriguez's argument presented, the court need not address JPMorgan's counter-argument pertaining to tolling of limitations nor specifically address application of the relation-back doctrine.

In any event, the issue of abandonment was not before the trial court as one of the issues of law the parties requested be determined before trial, and this issue is not before this court on appeal. Therefore, this argument is of no relevance or significance on appeal.

Thus, Rodriguez's third issue is overruled.

*Point of Issue Four:*     *To the extent the trial court considered the motion filed by JPMorgan on the day of trial pursuant to Texas Rule of Civil Procedure 248 as a motion for summary judgment pertaining to Rodriguez's statute of limitation defense, the trial court erred in considering it over Rodriguez's objections in conjunction with denying the relief of limitations.*

It appears Rodriguez's argument with regard to Point of Issue Four is twofold: (1) Rodriguez asserts the trial court erred by treating JPMorgan's motion filed the morning of trial as a motion for summary judgment, and (2) the trial court erred by considering the motion because Rule 248 does not create a right to file such a motion, and even so, the motion was not timely. Rodriguez asserts "Rule 248 does not create a right to file a particular type of motion as Texas Rule of Civil Procedure 166(a) does. Rule 248 simply requires that pretrial matters be heard before a jury trial starts, 'as far as practicable.'" To the extent the trial court characterized the motion filed by JPMorgan as a motion for summary judgment, Rodriguez objected to the trial court's disposition of the motion on that date because, as a motion for summary judgment, he should be afforded the opportunity to respond.

A trial court has the inherent power to control the resolution of cases on its docket and is granted wide discretion to conduct trial as it sees fit. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001); *Bohls v. Oakes*, 75 S.W.3d 473, 476 (Tex. App.—San Antonio 2002, pet. denied). Texas Rule of Civil Procedure 248 states, "[w]hen a jury has been demanded, questions of law … and other unresolved pending matters shall, as far as practicable, be heard and determined by the court before the trial commences…." TEX. R. CIV. P. 248.

The transcript of the pretrial hearing reflects the trial judge accepted the subject motion filed by JPMorgan on the morning of trial, accepted evidence and heard argument from both parties. The record reflects JPMorgan presented the motion and requested the court rule on Rodriguez's statute-of-limitations defense prior to trial because the issue hinged solely on a question of law. Further, in the following exchange, the record reflects Rodriguez's attorney similarly requested the trial judge determine the statute-of-limitations defense prior to trial, as a matter of law:

> It's our position that there is no factual dispute for the jury to decide about statute of limitations, our statute of limitations issue on judicial foreclosure. The relevant dates are very clear. There's no factual dispute that the lender's counterclaim is filed August the 11th, 2004. And that pleading made no mention of judicial foreclosure. It was not a suit for judicial foreclosure, as the Civil Practice and Remedies Code says.
> And so in 2012 -- April or May, 2012, it's on the pleading, the first amended counterclaim of the lender for the first time in 2012 alleges a suit for judicial foreclosure. That date is clear. It's not a factual dispute about that. So 2012 is obviously more than four years from 2000.
> ….
> So that's why I've submitted no jury -- suggested jury charge on that issue. There's no factual dispute for the jury to decide.
> ….
> We think it's for the court after we introduce these documents I just mentioned. See, there's no – there's no – there's no factual dispute about the contents of their counterclaim and the contents of their first amended counterclaim. No dispute about that.
>
> THE COURT: Okay. So you want me – you want me to decide the statute of limitations issue.
>
> MR. WILLMANN: Yes, sir. That's our position.

Further, upon Rodriguez's attorney's objection to immediate determination based upon surprise and the inability to file a written response, as he would be entitled in the event the motion was a motion for summary judgment, the trial judge gave Rodriguez's attorney ample opportunity to prepare and delay argument, by stating:

THE COURT: All right. I hear what you're saying. Let me just hear what he's going to say, without prejudice for you to give your side of it whenever you feel prepared to do so.

Later, following determination of the presented legal issue, the trial court signed an Order Regarding Statute of Limitations, which states, "[o]n the 10th day of February, 2014, pursuant to Texas Rule Civil Procedure 248, came on to be considered the issue of the affirmative defense of the statute of limitations…." In the final judgment, the trial court stated, "[t]he Court initially considered JPMC's Texas Rule Civil Procedure 248 Motion and ruled as a matter of law on Rodriguez's statute of limitation defense."

With regard to Rodriguez's first argument, the record reflects the trial court did not treat the subject motion as a motion for summary judgment, but rather, as a motion requesting the trial court determine a question of law prior to trial, pursuant to Rule 248. In the pre-trial hearing, in which both parties agreed Rodriguez's statute-of-limitations defense involved only a question of law, and there were no factual issues for the jury to determine, the trial court acknowledged the motion was filed pursuant to Rule 248. Nothing in the record of the hearing reflects that the trial court treated the motion as a motion for summary judgment. The written order and final judgment reflect the trial court acted pursuant to Rule 248 and do not reflect the trial court treated the motion as a motion for summary judgment, or otherwise prevented Rodriguez from adequately presenting argument or evidence to support his position. Instead, as requested by both parties, the trial court ruled on a specific question of law, determined by the evidence presented and the arguments of counsel. Therefore, Rodriguez's first argument fails.

With regard to Rodriguez's second argument, while Rule 248 does not explicitly create a right to file a particular motion, such directive is not necessary before a trial court may accept a motion addressing an issue requiring disposition. A trial court maintains discretion to manage its docket and trial in a way to promote the greatest efficiency. JPMorgan's motion filed on the day

of trial was a simple vehicle used to present a question of law that required disposition prior to trial. Rule 248 directs the trial court determine questions of law "as far as practicable" before trial commences. Further, the agreed-upon question of law that required pre-trial determination was Rodriguez's own statute-of-limitations defense. Therefore, Rodriguez was familiar with the substance of the argument and was not prejudiced or surprised by the trial court's acceptance of the motion and determination of the question of law. Given that both parties agreed determination of the limitations defense involved only a question of law and should be determined prior to trial, and this question of law had the potential to be dispositive, the trial court did not abuse its discretion by allowing JPMorgan to file the motion or by hearing argument and accepting evidence on the issue.

Thus, Rodriguez's fourth issue is overruled.

*Point of Issue Five:* *The trial court erred in admitting into evidence exhibit 24 because its disclosure was untimely.*

Rodriguez argues the trial court erred by admitting into evidence exhibit 24 because the specific document introduced at trial, reflecting the specific pay-off amount as of that date, had not been disclosed until 12 days prior to trial. Rodriguez contends counsel for JPMorgan had adequate time to disclose the document prior to 30 days before trial. Rodriguez also seems to argue that the trial court erred by failing to enter into the record its finding as to the document's admissibility.

Parties have a duty to amend or supplement incomplete or incorrect responses to written discovery reasonably promptly after the party discovers the necessity. TEX. R. CIV. P. 193.5(a),(b). "A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed" unless the court finds that good cause exists for the failure to disclose or any failure to timely disclose will

not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6(a); *Dyer v. Cotton*, 333 S.W.3d 703, 717 (Tex. App.—Houston [1st Dist.] 2010, no pet.). While exclusion is mandatory, the exception provides the trial court the opportunity to excuse failure to comply in "difficult or impossible circumstances" or in otherwise excusable circumstances. *See Dyer*, 333 S.W.3d at 717; *Williams v. Cnty. of Dallas*, 194 S.W.3d 29, 32–33 (Tex. App.—Dallas 2006, pet. denied) (no abuse of discretion in admitting undisclosed documents supporting damages where face of pleading indicated such damages would be sought at trial). The party seeking to admit the objectionable evidence bears the burden of establishing good cause or the lack of unfair surprise or prejudice. TEX. R. CIV. P. 193.6(b); *see Norfolk S. Ry. Co. v. Bailey*, 92 S.W.3d 577, 581 (Tex. App.—Austin 2002, no pet.). One purpose of Rule 193.6(a) is to prevent trial by ambush. *See Alvarad v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992).

A disclosure made less than thirty days before trial is presumed to not be "reasonably prompt." TEX. R. CIV. P. 193.5(b). An appellate court reviews a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A court abuses its discretion if it acts without reference to any guiding rules or principles. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002). An appellate court must uphold a trial court's evidentiary ruling if there is any legitimate basis in the record to support it. TEX. R. CIV. P. 193.6(a), (b); *Drilex Sys., Inc. v. Flores*, 1 S.W.3d 112, 119–20 (Tex. 1999).

The record at the time of trial reflects JPMorgan introduced exhibit 24 during the testimony of JPMorgan employee, Richardra Winder. The document reflects the up-to-date outstanding principal and interest balance, late charges and all other fees and penalties on the subject loan. Rodriguez does not dispute that JPMorgan disclosed and produced a previous version of this document during pre-trial litigation. The record also reflects JPMorgan's pleadings disclosed that it would seek as damages full payoff of the loan, including all principal, interest, fees and penalties

allowed under the loan agreement. Without stating a specific finding as to reasons supporting its admissibility, the trial court overruled Rodriguez's objection to admission of Exhibit 24 after receiving argument from the parties.

The trial court did not abuse its discretion by admitting exhibit 24 into evidence. First, while Rule 193.6(a) states a document must be excluded unless "the court finds that" one of the exceptions apply, the rule does not require the trial court to enter its specific findings into the record prior to admission. *See* TEX. R. CIV. P. 193.6(a). Further, an appellate court may presume the trial court made such a finding of exception based upon the admission of the document. *See Dyer*, 333 S.W.3d at 717. Finally, lack of specific finding on the issue is not necessary because an appellate court must analyze and determine whether the record supports admission of the document. TEX. R. CIV. P. 193.6(b).

Under the test for admission of evidence, JPMorgan showed good cause to admit exhibit 24, and the document's admission at the time of trial did not cause surprise or prejudice to Rodriguez. The document had been previously disclosed during litigation; the document was disclosed 12 days prior to trial simply to reflect up-to-date calculations; Rodriguez knew JPMorgan sought repayment of the unpaid loan balance, including late fees and penalties; the subject loan continually accrued interest and fees under the terms of the note, thus, the payoff amount at the time of trial was not the same as that reflected during litigation, and; disclosure at the time of trial was necessary to adequately prove damages. In a suit to recover an amount owed on a mortgage loan, it must be assumed the subject loan continually accrues interest and expenses. Thus, impliedly the amount alleged to be owed under the note continually changes. To accurately prove the amount it alleged Rodriguez owed under the note, JPMorgan was required to submit at trial a document reflecting a current payoff amount. Thus, there is legitimate basis in the record to

support the document's admission, and the trial court acted according to guiding rules or principles. *See Dyer*, 333 S.W.3d at 717; *Williams*, 194 S.W.3d at 33.

For these reasons, the trial court could conclude JPMorgan had good cause to delay disclosure of the specific document used at trial, and admission of Exhibit 24 did not surprise Rodriguez or cause unfair prejudice. On this record, we hold the trial court did not abuse its discretion by admitting exhibit 24 into evidence.

Thus, Rodriguez's fifth issue is overruled.

*Point of Issue Six:*      *There is no evidence to support the jury's finding regarding any amount owed under the note because the note does not state how the amount of interest is to be calculated and how interest and principal will be divided in each payment.*

Rodriguez argues there is no evidence to support the jury's finding regarding the amount owed under the mortgage loan because the note, itself, does not state how the amount of interest is to be calculated and how interest and principal are apportioned in each payment, making it impossible to properly and correctly determine any amount owed.

A jury has broad discretion to award damages within the range of evidence presented at trial, so long as a rational basis exists for the jury's damage calculation. *U.S. Capital Inv., LLC v. Shahbazi*, 2014 WL 1713464 at *11 (Tex. App.—Fort Worth 2014, no pet). In a legal sufficiency, or "no-evidence" review, an appellate court must determine whether the evidence would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). In conducting this review, the appellate court must indulge every reasonable inference that would support the jury award, and thereby, credit favorable evidence if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* The evidence is considered in the light most favorable to the finding under review. *Id.* An appellate court may sustain a no-evidence contention only if (1) the record reveals a

complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Id.* at 810; *see also Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

The jury awarded JPMorgan damages in the amount of $441,027.10. The record reflects Rodriguez testified that as of June 30, 2000, the principal balance owed on the subject mortgage loan was $141,657.34. This was the date JPMorgan received entitlement to payment under the note from its predecessor. Thus, while JPMorgan did not provide basis for calculation of the loan balance as of the date its ownership interest began, Rodriguez agreed with, and corroborated, the basis or starting point, of JPMorgan's calculation of the principal amount owed. Further, the mortgage note, admitted into evidence, sets forth the method of calculating interest by stating, "interest will be charged on unpaid principal until the full amount of principal has been paid" and states the annual interest rate to be charged of "8.125%." Finally, Ms. Winder's testimony provides support and basis for JPMorgan's calculation of the proposed amount owed under the note by verifying the balances reflected in JPMorgan's computerized records, the interest rate and method of calculating interest reflected in the subject mortgage note and the total pay-off amount as of the date of her testimony. This evidence is consistent with the jury's finding on damages.

The evidence presented provides a rational basis for the jury's damage calculation. The testimony and evidence presented and Rodriguez's own admission establish the amount owed by Rodriguez at the time JPMorgan acquired the subject note and provides a basis for calculation of principal and interest and fees and penalties owed from that date. Thus, the evidence would enable reasonable and fair-minded people to reach the same conclusion and calculation of damages as the

jury did in this case. The damages awarded by the jury is, thus, supported by more than a scintilla of evidence in the record, and this evidence is sufficient to support the jury's damage award.

Thus, Rodriguez's sixth issue is overruled.

*Point of Issue Seven:* *The trial court erred by allowing JPMorgan to put on evidence regarding attorney fees when the designation of the witness was not timely under the discovery rules.*

Rodriguez's argument under this point of issue appears to be two-fold. First, the trial court erred by not entering a finding into the record to support its evidentiary ruling. Second, the trial court erred by admitting evidence of attorney's fees that was not timely disclosed. Rodriguez's argument under this point of issue is similar and based upon the same premise as that argued under point of issue five. Rodriguez argues on appeal the trial court abused its discretion by allowing testimony from JPMorgan's attorney regarding attorney's fees because JPMorgan changed designation of its expert on this issue from its previous attorney to its current attorney only 13 days prior to trial. Because designation of the specific witness was not timely, Rodriguez asserts the trial court should not have allowed the testimony.

As stated previously, admission of evidence is a matter within the trial court's discretion. *In re J.P.B.*, 180 S.W.3d at 575. However, Texas Rule of Civil Procedure § 193.6(a) mandates exclusion of undisclosed material or information absent a showing of good cause, lack of unfair surprise, or lack of unfair prejudice. TEX. R. CIV. P. 193.6(a); s*ee Dyer*, 333 S.W.3d at 717; *Nw. Nat. County Mut. Ins. Co. v. Rodriguez*, 18 S.W.3d 718, 722 n.1 (Tex. App.—San Antonio 2000, pet. denied). The party seeking to introduce the evidence has the burden of establishing good cause and lack of unfair surprise or prejudice. TEX. R. CIV. P. 193.6(b); *see Norfolk S. Ry. Co.*, 92 S.W.3d at 581. On appeal, the test for determination whether a trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles. *Carpenter*, 98

S.W.3d at 687. The trial court's ruling will be upheld if there is any legitimate basis in the record for the ruling. TEX. R. CIV. P. 193.6(a), (b); *Drilex Sys., Inc. v. Flores*, 1 S.W.3d at 119–20.

The record reveals that in the pre-trial conference held upon Rodriguez's motion in limine with regard to admission of the subject evidence, the trial court questioned Rodriguez's attorney on the issue whether there was unfair surprise or prejudice. Counsel for Rodriguez responded that, while opposing counsel did timely disclose a witness to testify regarding the attorney fees, the "surprise" was the recent change from previous counsel to present counsel as the designated witness. Rodriguez renewed his objection by written motion to exclude testimony on attorney's fees filed prior to trial and by verbal objection during trial when the testimony was presented. The trial court heard argument on the issue again at trial and overruled the objection.

As stated previously, Texas Rule of Civil Procedure § 193.6 does not require a trial court to enter into the record its specific finding as to application of an exception under the rule. On appeal, this court can and will review a trial court's evidentiary ruling even without a specific finding as to the admissibility or exclusion.

Next, we do not find the trial court's ruling in admitting the evidence of attorney's fees to be without reference to any guiding rules or principles or absent a legitimate basis. Rule 193.6(a) mandates exclusion of *undisclosed material or information*. Instead, Rodriguez does not object to the substance of the material or information and did not object to its admission based upon the substance. Rodriguez's counsel admitted he was not surprised by the substance of the testimony and evidence, but only by the person providing it. Because JPMorgan's attorneys did timely designate an expert witness on the issue of attorney's fees, the fact that the identity of this witness was changed from previous counsel to present counsel 13 days before trial does not constitute unfair surprise. Rodriguez was aware JPMorgan would seek attorney's fees, and JPMorgan's pleading disclosed it would seek attorney's fees. Rodriguez does not dispute that JPMorgan's

prior counsel had been timely designated as experts on attorney's fees, nor does Rodriguez dispute the amount of attorney's fees asserted. Because the amended designation was simply to allow JPMorgan's current attorney to offer the expert testimony to support the award of attorney's fees, the record reflects there was no surprise or unfair prejudice.

For this reason, the trial court did not abuse its discretion in allowing the testimony on attorney's fees, as there is a legitimate basis in the record for the ruling. Rodriguez's seventh issue is overruled.

*Point of Issue Eight:* *The trial court erred by denying Rodriguez's motion to recuse the senior district judge specially appointed to preside over all aspects of this case and the administrative judge who made the appointment.*

Immediately prior to trial, Rodriguez filed a motion to recuse the Presiding Judge of the Fourth Administrative Judicial Region, Judge David Peeples, and the assigned trial judge, Judge Richard Alcala. Rodriguez premised his motion to recuse on a letter, dated October 17, 2013, sent to the Presiding Judge of the Fourth Administrative Judicial Region by non-party neighbors and a Home Owner's Association. The record reflects the letter was filed with the District Clerk and placed in the case file on November 18, 2013, and on the same day, Judge Peeples assigned Senior Judge Alcala as the presiding judge of this case for trial. After discovering the letter, Rodriguez filed a motion to recuse Judge Alcala and Judge Peeples. A hearing was held on the motion on February 6, 2014, by Judge Pat Priest, who was appointed by Judge Peeples. Rodriguez's motion to recuse was denied. Trial began on February 10, 2014.

The objectionable portion of the subject letter, written to request disposition of this case, as recited by Rodriguez, states:

> This case does not involve complicated factual issues requiring extensive discovery nor does it implicate novel questions of law. Instead, it involves rather mundane legal issues pertaining to a foreclosure on a single residential property. This case did not arise in the context of the recent mortgage lending crisis; it began in the early days of the 21st Century.…

No mortgage payments have been made for 13 years; No property taxes or Home Owner's Association dues have been paid by the owner for 13 years. The level of deterioration is pronounced and the house sits as a blight on a neighborhood of well-maintained houses and lawns.

Rodriguez contends on appeal the trial court erred by denying Rodriguez's motion to recuse Judge Alcala and Judge Peeples, arguing the letter was "obviously intended to influence and prejudice the court and comments on the merits of the pending case." For this reason, Rodriguez contends Judge Peeples should not have appointed Judge Alcala to preside over trial in this matter, and Judge Alcala should have recused himself given the prejudicial and inflammatory nature of the letter.

A judge must be recused in any proceeding in which (1) the judge's impartiality might reasonably be questioned, or (2) the judge has a personal bias or prejudice concerning the subject matter or a party. TEX. R. CIV. P. 18b(b)(1), (2). The movant of a motion to recuse bears the burden of proving recusal is warranted, and the burden is met only through a showing of bias or impartiality to such an extent that the movant was deprived of a fair trial. *See In re H.M.S.*, 349 S.W.3d 250, 253–54 (Tex. App.—Dallas 2011, pet. denied). The test for recusal is "whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial." *Hansen v. JPMorgan Chase Bank, N.A.*, 346 S.W.3d 769, 776 (Tex. App.—Dallas 2011, no pet.). Judicial rulings alone almost never constitute a valid basis for a motion to recuse based on bias or partiality. *In re H.M.S.*, 349 S.W.3d at 253. Rather, a party's remedy for unfair rulings is to assign error regarding the adverse rulings. *In re City of Dallas*, 445 S.W.3d 456, 467 (Tex. App.—Dallas 2014, pet. denied); *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

A lack of impartiality occurs when it appears the judge "harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Gaal v. State*, 332 S.W.3d 448, 453 (Tex. Crim. App. 2011). An appellate court must review an order denying a motion to recuse for an abuse of discretion. *See In re H.M.S.*, 349 S.W.3d at 253; *Sommers*, 20 S.W.3d at 41.

With respect to both Judge Peeples and Judge Alcala, Rodriguez does not present any argument on appeal or citation to the record or any evidence that would show the subject letter created prejudice or caused Judge Alcala to become biased or impartial to Rodriguez's detriment. Rodriguez does not argue or discuss any portion of the record that would show bias or impartiality to such an extent that he was deprived of a fair trial. Rodriguez does not argue or show how a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that Judge Alcala was actually impartial. Rodriguez does not aver Judge Alcala or Judge Peeples acted in any way that indicated a bias or prejudice against him. Rodriguez argues, simply, that the fact the letter from non-parties is in the record and was received and presumably read by these judges warrants recusal.

Receipt of the letter, alone, is insufficient to establish bias or prejudice requiring recusal. Consequently, we conclude Rodriguez failed to meet his burden to show the recusal of Judge Peeples and Judge Alcala was warranted or to otherwise show Judge Priest abused his discretion by denying Rodriguez's motion to recuse.

For this reason, we overrule Rodriguez's eighth issue.

*Point of Issue Nine:    The trial court erred by granting summary judgment on JPMorgan's cause of action of a suit to quiet title.*

Rodriguez filed a second amended petition, which, among other things, asserted an action to quiet title.  The trial court granted partial summary judgment in favor of JPMorgan, defeating this cause of action.

Rodriguez provides no argument to support an appellate issue on this point, other than a statement, "[a] review of the first amended motion for summary judgment and Appellant's response and supplemental response indicates that as to his second amended petition asserting a suit to quiet title, issues of fact do exist as to that cause of action."

This issue is inadequately briefed.  This court has "no duty-or even right-to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez*, 318 S.W.3d at 466–67; *Valade v. Avitia*, 238 S.W.3d 843, 854 (Tex. App.—El Paso 2007, no pet.).  As stated previously, when, as here, an appellate issue is asserted generally, but not supported by argument or citation to the record or legal authority, nothing is presented for review.  Rodriguez's brief is not sufficient to acquaint the court with a specific challenge and does not present an argument that would allow this court to decide an appellate issue.  *See* TEX. R. APP. P. 38.1; *Wheeler*, 95 S.W.3d at 646.

Consequently, because Rodriguez's ninth point of issue is inadequately briefed, it is overruled.

Jason Pulliam, Justice