

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-16-00418-CV

___

RONALD SPRIGGS AND LEVI SPRIGGS, APPELLANTS

V.

ALBENITA GONZALES, APPELLEE

___

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 69,573-B, Honorable Edward Lee Self, Presiding

___

June 28, 2018

MEMORANDUM OPINION

Before CAMPBELL and PARKER and HATCH,[1] JJ.

Ronald T. Spriggs and his son Levi L. Spriggs, both Texas attorneys, appeal an adverse money judgment rendered in favor of appellee Albenita Gonzales. Levi Spriggs also appeals a pre-trial order of sanctions imposed by the regional presiding judge. We will affirm the trial court's judgment and the order of the regional presiding judge.

___

[1] Honorable Les Hatch, Judge, 237th District Court, Lubbock County, sitting by assignment.

Background

After the death of appellee Albenita Gonzales's husband, a property dispute arose between Mrs. Gonzales and her mother-in-law Dorothy Gonzales.[2]  Dorothy Gonzales filed suit against Mrs. Gonzales, who retained Ronald Spriggs to represent her in the dispute.  Ronald Spriggs had represented Mrs. Gonzales also in the probate of her husband's estate.

As Mrs. Gonzales's attorney, Ronald Spriggs failed to appear for a mediation session and ultimately did not appear for trial.  He later testified that at the time of trial he was representing another client in a federal court trial.  He did not seek a continuance of the state court trial and in his absence a post-answer default judgment for Dorothy Gonzales in the amount of $452,000 was taken.  A few days after the default judgment against his client was signed, Ronald Spriggs transferred the building housing his law office to his son Levi Spriggs.  Ronald Spriggs timely filed a motion for new trial but it was overruled by operation of law.  A notice of appeal was filed but the filing fee was not paid, and for that reason the appeal was dismissed.  A motion for rehearing was overruled.

Mrs. Gonzales obtained new counsel who sought a bill of review.  During that proceeding Dorothy Gonzales and Mrs. Gonzales settled their dispute, reducing Mrs. Gonzales's liability to approximately $133,000.

On Mrs. Gonzales's behalf, her new counsel then brought suit against Ronald Spriggs for legal malpractice.  After the judge of the trial court recused himself, the case

---

[2] Hereinafter we will refer to appellee Albenita Gonzales as Mrs. Gonzales and Dorothy Gonzales by that name.

was assigned to a retired judge. Ronald Spriggs responded to Mrs. Gonzales's malpractice claim with a counterclaim against Mrs. Gonzales and a third-party cross-claim against her lawyer, alleging intentional infliction of emotional distress. The counterclaim and cross-claim were subsequently dismissed on motions under Rule 91a.[3]

Mrs. Gonzales later amended her petition to allege Ronald Spriggs fraudulently transferred his law-office building to Levi Spriggs. Levi Spriggs was joined as a defendant to the suit. Levi Spriggs attempted to challenge the assigned retired judge but his request for relief was denied by the regional presiding judge. After an evidentiary hearing, the regional presiding judge rendered an order sanctioning Levi Spriggs under Rule 18a(h).[4]

Trial of Mrs. Gonzales's suit against Ronald Spriggs and Levi Spriggs was by jury. After four days the jury found the transfer of the Spriggs law-office building was not fraudulent. On the malpractice claim, it found for Mrs. Gonzales against Ronald Spriggs and awarded compensatory damages of $131,250. In a bifurcated hearing, it awarded exemplary damages against Ronald Spriggs in the amount of $13,000. In a post-trial hearing on Mrs. Gonzales's motion for sanctions, and on the trial court's own motion, the court imposed monetary sanctions against Ronald Spriggs and Levi Spriggs pursuant to Rule 13[5] and the trial court's inherent power. Ronald Spriggs and Levi Spriggs each filed a notice of appeal.

---

[3] TEX. R. CIV. P. 91a.

[4] Tex. R. Civ. P. 18a(h).

[5] TEX. R. CIV. P. 13.

Analysis

For our discussion of the issues presented by Ronald Spriggs and Levi Spriggs, we will group the issues into three categories: first, Ronald Spriggs' complaint of charge error; second, Ronald Spriggs' challenge of the trial court's rulings on his objections to three of Mrs. Gonzales's experts; and finally, the sanctions levied in pretrial and post-trial hearings against Levi Spriggs and in a post-trial hearing against Ronald Spriggs.

**Charge Error**

Ronald Spriggs broadly argues the trial court erred by failing to submit a jury charge containing suit-within-a-suit instructions and questions. A more succinct statement later in his argument clarifies his complaint: "[B]y refusing to submit the suit-within-a-suit question, the incorrect jury charge causes direct harm by imposing damage questions without requisite liability questions." His argument refers to a jury question Ronald Spriggs proposed, which read, "would [Mrs. Gonzales] have won the underlying case?"

We review claims of charge error for an abuse of discretion. *Columbia Rio Grande Healthcare, L.P. v. Hawley,* 284 S.W.3d 851, 856 (Tex. 2009). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Concept Gen. Contracting, Inc. v. Asbestos Maint. Servs., Inc.,* 346 S.W.3d 172 (Tex. App.—Amarillo 2011, pet. denied) (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985)). A trial court is required to give "such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX. R. CIV. P. 277.

To prove a legal malpractice claim, a former client must show (1) the existence of a duty of care owed to the client, (2) that the duty was breached, and (3) that the breach proximately caused damage to the client. *Starwood Mgmt., LLC v. Swaim,* 530 S.W.3d 673, 678 (Tex. 2017) (per curiam) (citing *Stanfield v. Neubaum,* 494 S.W.3d 90, 96 (Tex. 2016)). Ronald Spriggs is correct in his assertion that the "suit-within-a-suit" analysis was applicable to Mrs. Gonzales's claim that his negligence was responsible for the damages she suffered from the outcome of Dorothy Gonzales's suit against her. *See Rogers v. Zanetti*, 518 S.W.3d 394, 401 (Tex. 2017) ("When a legal-malpractice case arises from prior litigation, the plaintiff must prove that the client would have obtained a more favorable result in the underlying litigation had the attorney conformed to the proper standard of care").

But the court's charge incorporated the requirement that the jury take into account the "more favorable result" that hypothetically would have been obtained had Ronald Spriggs' representation conformed to the proper standard of care. *See Zanetti*, 518 S.W.3d at 401. The court's damage question required the jury to state in dollars and cents "[t]he difference, if any, between the result obtained for [Mrs. Gonzales] by [Ronald Spriggs] and the result that would have been obtained with a competent attorney." *See Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013) (describing standard for legal-malpractice damages as "the difference between the result obtained for the client and the result that would have been obtained with competent counsel"); Comm. on Pattern Jury Charges, State Bar of Texas, TEXAS PATTERN JURY CHARGES: MALPRACTICE, PREMISES & PRODUCTS (2016) PJC 61.5 (comment providing in legal malpractice case plaintiff must effectively "try two suits in one—a 'suit within a suit'"); 84.4 (sample instruction "C," for

5

case involving increase in damages assessed against malpractice plaintiff in underlying litigation, "the increase in damages assessed against *Paul Payne* in the original suit brought by *Tom Taylor* caused by the failure of *Andy Attorney* to properly defend the lawsuit") (italics in original).

Because its charge to the jury incorporated the suit-within-a-suit principle, the trial court did not abuse its discretion by refusing Ronald Spriggs' requested question asking the jury to determine whether Mrs. Gonzales "would . . . have won the underlying case." *See* TEX. R. CIV. P. 278 ("A judgment shall not be reversed because of the failure to submit other and various phases or different shades of the same question"); *Dallas Area Rapid Transit v. Agent Systems, Inc.,* No. 02-12-00517-CV, 2014 Tex. App. LEXIS 12797, at *9-10 (Tex. App.—Fort Worth Nov. 26, 2015, pet. denied) (mem. op.) ("Because the submitted question does not differ in substance from appellants' requested instruction, but merely in wording, the trial court did not err").  Ronald Spriggs' charge-error issue is overruled.

**Challenges of Mrs. Gonzales's Expert Witnesses**

Ronald Spriggs argues the trial court abused its discretion by overruling objections to the testimony of three of Mrs. Gonzales's expert witnesses, licensed real estate salesperson Gabe Irving, law professor Larry Spain, and attorney Edward Norfleet.

We review a trial court's decision to admit or exclude expert evidence under the abuse of discretion standard.  *Exxon Pipeline Co. v. Zwahr,* 88 S.W.3d 623, 629 (Tex. 2002).  However, even if a trial court abuses its discretion by improperly admitting evidence, reversal is warranted only if the error probably caused the rendition of an

improper judgment. *Id.*; TEX. R. APP. P. 44.1(a) (error is reversible if it probably caused the rendition of an improper judgment).

An expert's testimony is admissible if the expert is qualified to testify about "scientific, technical, or other specialized knowledge" and the testimony is relevant and based on a reliable foundation. *See* TEX. R. EVID. 702; *TXI Transp. Co. v. Hughes,* 306 S.W.3d 230, 234 (Tex. 2010); *Zwahr,* 88 S.W.3d at 628; *Gammill v. Jack Williams Chevrolet, Inc.,* 972 S.W.2d 713, 720 (Tex. 1998) (citing *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 556 (Tex. 1995)).

"The reliability requirement focuses on the principles, research, and methodology underlying an expert's conclusions." *Kerr-McGee Corp. v. Helton,* 133 S.W.3d 245, 254 (Tex. 2004); *Williams v. Crawford,* No. 03-16-00696-CV, 2018 Tex. App. LEXIS 1641, at *8 (Tex. App.—Austin Mar. 2, 2018 n. pet. h.) (mem. op.). The reliability analysis does not require the court to determine the correctness of an expert's conclusions but "whether the analysis used to reach those conclusions is reliable." *Zwahr,* 88 S.W.3d at 629. An expert's testimony is unreliable if based on unreliable data or if the expert applies a flawed methodology to draw conclusions from the underlying data. *E.I. DuPont de Nemours & Co. v. Hood,* No. 05-16-00609-CV, 2018 Tex. App. LEXIS 3228, at *8 (Tex. App.—Dallas May 8, 2018, n. pet. h.) (citing *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 714 (Tex. 1997)). In *Robinson* the court identified six non-exclusive factors for consideration in deciding the reliability of proffered expert testimony. 923 S.W.2d at 557. But these factors are not always useful. *Cooper Tire & Rubber Co. v. Mendez,* 204 S.W.3d 797, 800 (Tex. 2006) (automobile accident case). When the subject matter requires an expert to rely on experience, knowledge, and training rather than a certain methodology to reach a

7

conclusion, a court makes the reliability assessment by determining whether there is "too great an analytical gap between the data and the opinion proffered." *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 578 (Tex. 2006) (citing *Gammill,* 972 S.W.2d at 726); *Crawford,* 2018 Tex. App. LEXIS 1641, at *9. Regardless, "there must be some basis for the opinion offered to show its reliability." *Gammill,* 972 S.W.2d at 726. "'An expert's bare opinion will not suffice' and is unreliable if 'based solely upon his subjective interpretation of the facts.'" *Ford Motor Co. v. Ledesma,* 242 S.W.3d 32, 39 (Tex. 2007) (quoting *Volkswagen of America, Inc. v. Ramirez,* 159 S.W.3d 897, 906 (Tex. 2004)). "[A] claim will not stand or fall on the mere *ipse dixit* of a credentialed witness." *Burrow v. Arce,* 997 S.W.2d 229, 235 (Tex. 1999). "Expert testimony fails if there is simply too great an analytical gap between the data and the opinion offered." *Elizondo,* 415 S.W.3d at 264 (internal quotation marks and citation omitted) (legal malpractice case).

To determine whether an expert is sufficiently qualified, the trial court must "ensure that those who purport to be experts truly have expertise concerning the actual subject about which they are offering an opinion." *Gammill,* 972 S.W.2d at 719 (quoting *Broders v. Heise,* 924 S.W.2d 148, 152 (Tex. 1996)).

*Gabe Irving*

An issue in the case was the value of a caliche pit owned by a corporation of which Dorothy Gonzales and Mrs. Gonzales were the shareholders. Mrs. Gonzales presented Gabe Irving as an expert on real property valuation. The evidence showed Irving holds a marketing degree and is a licensed real estate salesperson with some seventeen years' experience in real estate transactions. It appears he based his qualification to render a

8

valuation opinion on his experience rendering such opinions in the course of his work. Levi Spriggs filed a motion to exclude Irving's testimony on the grounds he was not sufficiently qualified to render a valuation opinion; both Levi Spriggs and Ronald Spriggs also argued to the trial court that the methodology Irving employed to reach his valuation opinion did not lead to a reliable opinion. The centerpiece of the defendants' methodology challenge seems to be that a sale of undeveloped residential property Irving considered as comparable to the caliche pit property was in fact not comparable. After listening to the arguments of counsel, the trial court overruled the defendants' objection.

At trial, Irving then testified to his methodology and expressed the opinion that the property was valued at $465,000. Our review of the record confirms, however, that Mrs. Gonzales testified without objection to her opinion the value of the property was near $465,000. Her valuation testimony is not challenged on appeal. Because Irving's valuation opinion was cumulative of Mrs. Gonzales's testimony, any error in admitting Irving's valuation opinion was harmless. TEX. R. APP. P. 44.1; *see State v. Dawmar Partners, Ltd.,* 267 S.W.3d 875, 881 (Tex. 2008) (per curiam); *In re D.D.,* No. 02-17-00368-CV, 2018 Tex. App. LEXIS 2440, at *36 (Tex. App.—Fort Worth Apr. 5, 2018, n. pet. h.) (per curiam, mem. op.).

*Edward Norfleet*

Mrs. Gonzales elicited opinions in the trial testimony of Amarillo attorney Edward Norfleet that in his representation of Mrs. Gonzales, Ronald Spriggs was negligent and grossly negligent and his negligence proximately caused the damages Mrs. Gonzales

9

claimed. On appeal, Ronald Spriggs argues Norfleet was not qualified to render the opinions given.

In the trial court, Ronald Spriggs and Levi Spriggs each filed motions to exclude Norfleet as an expert. In conclusory fashion Ronald Spriggs argued in his motion Norfleet was not qualified to render expert opinions on the grounds he was tendered, and his opinions were not reliable. At the heart of Ronald Spriggs' complaint in the trial court and on appeal was Norfleet's refusal to answer certain questions during his deposition. The questions largely concerned bare legal concepts untethered from the facts of the case. We see no abuse of discretion in the trial court's implicit ruling that Norfleet's refusal to answer the questions did not reflect negatively on his qualification to render the legal opinions to which he testified. Accordingly, it was not an abuse of discretion to overrule the Spriggs' challenge of Norfleet.

*Larry Spain*

Larry Spain is a professor of professional responsibility and family law at Texas Tech University School of Law. He also teaches a civil practice clinic and a mediation clinic. Mrs. Gonzales presented Spain to testify as an expert to the negligence and gross negligence of Ronald Spriggs.

In the trial court, the core of Ronald Spriggs' complaint regarding Spain was his qualification to render expert opinions. Particularly, Ronald Spriggs emphasized that Spain has not practiced law for a living in Texas, has never tried a case in federal court, and has not tried a case to a jury in Texas. Ronald Spriggs further asserted Spain was uninformed of the facts on which he based his opinions of Ronald Spriggs' professional

10

conduct. Mrs. Gonzales countered, pointing out Spain has been licensed to practice law for over forty years, in Texas since 2001, has published "numerous scholarly articles and spoken at several seminars," and has obtained academic and practical experience through teaching, researching, writing, and supervising law students in clinical programs.

Ronald Spriggs' brief on appeal does not present a persuasive contention, supported by controlling authority, that Spain's academic and professional background in the instruction and supervision of law students, and his many years of experience as a licensed attorney, nevertheless do not qualify him to render the opinions for which he was offered. After review of the record, including Spain's testimony and opinions, and considering the facts and ultimate issues in the case, we cannot say the trial court abused its discretion by overruling Ronald Spriggs' motions to strike Spain as an expert witness.[6] If we are mistaken, moreover, any error was harmless because Edward Norfleet also testified on the issues of Ronald Spriggs' negligence and gross negligence. *See In re D.D.,* 2018 Tex. App. LEXIS 2440, at *36.

We overrule Ronald Spriggs' challenge to the admissibility of the testimony of Mrs. Gonzales's three trial expert witnesses.

---

[6] As a sub-issue, Ronald Spriggs argues Spain should have been excluded from testifying at trial, and Mrs. Gonzales's attorney sanctioned, because the attorney copied Spain's deposition without purchasing a copy from the court reporter and then attached the entire deposition to his response to Ronald Spriggs' motion to exclude Spain. At the hearing on Ronald Spriggs' motion, the trial court stated that it had not read and would not read Spain's deposition. No further sanctions were imposed. We find no abuse of discretion in the trial court's action.

**Pretrial and Post-Trial Sanctions**

*Pretrial Sanctions of Levi Spriggs*

Levi Spriggs argues the Honorable Kelly Moore, presiding judge of the Ninth Administrative Judicial Region, abused his discretion by imposing a monetary sanction against him in conjunction with Levi Spriggs' attempt to have the Honorable Edward Self, retired district judge, removed from the case. The argument mixes procedural and substantive complaints. We review a trial court's ruling on a motion for sanctions for abuse of discretion. *See Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004).

As noted, in August 2016, Mrs. Gonzales amended her lawsuit to add a claim against Ronald Spriggs and Levi Spriggs for the allegedly fraudulent transfer of Ronald Spriggs' law-office building to Levi Spriggs. Levi Spriggs was served with the amended petition on August 18, 2016.

On September 9, 2016, he filed an unsworn document entitled "Amended Objection to Visiting Judge."[7] The objection begins with the statement that Levi Spriggs "objects to the assignment of this case to a visiting judge." It next states, "Alternatively and without wa[i]ving the for[e]going, Visiting Judge Self cannot serve on this case because of bias." The objection next states that Judge Self had in the present litigation "demonstrated impermissible bias," and that he "has a history of impermissible bias." There follows a narrative of some two pages, stating the bases for Levi Spriggs' claims that Judge Self is biased and not impartial. The prayer asks that "[Judge Self], be

_____

[7] Notwithstanding the document's title, the record gives no indication that Levi Spriggs previously had filed such an objection.

removed from this case because his continuing bias has caused him to issue advisory opinions, advocate on behalf [of] opposing counsel, and ignore clearly established law . . . ." The objection cites no authority.

Judge Self referred the objection to Judge Moore. Levi Spriggs also forwarded the objection directly to Judge Moore. On the day the objection was filed, Mrs. Gonzales filed a response which, among other things, requested sanctions against Levi Spriggs.

On September 11, 2016, Judge Moore issued a written order denying the "amended objection to visiting judge." The order states that the time for objection to the assignment of a visiting judge under the Texas Government Code "has passed, so, based upon the allegations in the pleading, and the fact that [Levi Spriggs] forwarded it directly to the Presiding Judge of the Ninth Administrative Judicial Region, it will be treated a[s] a recusal motion."

Judge Moore's order notes that the objection was not verified as required by Civil Rule 18a, and set forth "no factual allegations from which it could be determined that the judge should recuse." It cited Rule 18a(a)(2), (3) and (4).[8]

On September 22, 2016, Judge Moore conducted an evidentiary hearing on Mrs. Gonzales's motion for sanctions. On October 13, Judge Moore issued an order finding the objection "was clearly brought for unnecessary delay and without sufficient cause," and the pleading "was groundless and filed in bad faith and for the purpose of

---

[8] *See* TEX. R. CIV. P. 18a (recusal and disqualification of judges).

13

harassment."[9]  As a sanction Judge Moore awarded Mrs. Gonzales attorney's fees of $1,900.

On appeal, Levi Spriggs first argues his filing constituted only an objection to the assignment of a visiting judge under Texas Government Code section 74.053.[10]  He contends Judge Moore abused his discretion by "recasting" the objection as a motion to recuse under Rule 18a.  We find Levi Spriggs' argument meritless, and bordering on the frivolous.[11]  On its face, his filing raised an objection to the assignment of the visiting judge, then "[a]lternatively," and without waiver of his objection, stated the visiting judge could not serve because of bias, and followed that alternative contention with an extensive discussion of the judge's asserted bias and partiality.[12]  If his filing, which Levi Spriggs filed with the trial court and forwarded directly to the regional presiding judge, was not intended "alternatively" as a motion to recuse, it is difficult to imagine what legitimate purpose its assertion of bias and partiality was intended to serve.[13]

---

[9] *See* TEX. R. CIV. P. 18a(h)(1), (2) (stating grounds for awarding sanction of attorney's fees and expenses to non-moving parties in recusal and disqualification proceedings).

[10] TEX. GOV'T CODE ANN. § 74.053 (West 2013)

[11] It is the substance and not the title that characterizes a motion.  TEX. R. CIV. P. 71; *In Re Estate of Ayala,* 19 S.W.3d 477, 479 (Tex. App.—Corpus Christi 2000, pet. denied).

[12] *See* TEX. R. CIV. P. 18b(b)(1), (2) (judge must recuse in any proceeding in which judge's impartiality might reasonably be questioned, or judge has personal bias or prejudice concerning the subject matter or a party).

[13] *See* TEX. R. CIV. P. 18a(e), (f), (g) (role of regional presiding judge in recusal and disqualification motions).

In this Court, Levi Spriggs further argues Judge Self did not treat his objection as a motion to recuse because he continued to issue rulings in the case before Judge Moore made a final ruling. *See* TEX. R. CIV. P. 18a(f)(2) (restricting actions respondent judge may take until motion to recuse has been decided). This argument assumes the recusal motion was not finally decided until Judge Moore issued his order awarding sanctions on October 13, 2016. But Judge Moore denied the "amended objection," with regard to both of its alternative grounds, by his written order of September 11. Judge Self's actions in the case were not restricted under Rule 18a(f)(2) after that date.

In sum, we do not agree that the record reflects an abuse of discretion in Judge Moore's view that Levi Spriggs' filing was in part a motion to recuse Judge Self. We turn to Levi Spriggs' contention that the award of sanctions was itself an abuse of discretion.

After notice and hearing the judge who decides a recusal motion may assess a sanction of reasonable attorney's fees against a party or attorney who filed the motion on a finding that the motion was clearly brought for unnecessary delay and without sufficient cause. TEX. R. CIV. P. 18a(h)(2). Mrs. Gonzales's request for sanctions included the assertion that Levi Spriggs' amended objection was clearly brought for unnecessary delay and without sufficient cause. As noted, in his order of October 13, Judge Moore made such findings against Levi Spriggs.

*Unnecessary delay*

In her August 17, 2016, amended petition, Mrs. Gonzales sought a temporary restraining order and temporary injunction preventing Ronald Spriggs and Levi Spriggs from further transferring Ronald Spriggs' office building. Judge Self issued a temporary

15

restraining order on August 17, and extended it once, apparently because Ronald Spriggs was in trial on another matter. On September 6, Levi Spriggs filed a notice of appeal, attempting to appeal the temporary restraining order.[14] A temporary injunction hearing was scheduled for September 12. This was the Monday immediately following the Friday Levi Spriggs filed his "amended objection." As factfinder at the sanctions hearing,[15] Judge Moore was entitled to believe the objection was clearly brought to delay, unnecessarily, the September 12 hearing, which would have allowed the once-extended temporary restraining order to expire.[16] *See In re H.M.S.,* 349 S.W.3d 250, 258 (Tex. App.—Dallas 2011, pet. denied) (holding no abuse of discretion in finding party brought motion to recuse solely for purpose of delay).

*Sufficient cause*

As the party seeking Judge Self's recusal, it was Levi Spriggs' burden to demonstrate Judge Self was so biased or partial that he could not obtain a fair trial. *In re H.M.S.,* 349 S.W.3d at 253. A judge's opinions based on facts introduced or events occurring during a current proceeding, or a prior proceeding, will not support a charge of bias or partiality unless they display a deep-seated favoritism or antagonism that makes fair judgment impossible. *Liteky v. United States,* 510 U.S. 540, 555, 114 S. Ct. 1147,

---

[14] A temporary restraining order is generally not appealable. *See, e.g., In re Tex. Nat. Res. Conservation Comm'n,* 85 S.W.3d 201, 205 (Tex. 2002) (orig. proceeding).

[15] *See Daniel v. Kelley Oil Corp.,* 981 S.W.2d 230, 232 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("At the sanctions hearing, the court is entitled to judge the credibility of the witnesses and the weight of their testimony").

[16] *See* TEX. R. CIV. P. 680 (unless unopposed, a temporary restraining order may be extended once for a period not to exceed fourteen days).

127 L. Ed.2d 474 (1994). Thus the remarks of a judge during trial "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* Even a stern or short-tempered judge's ordinary courtroom administration will not justify an allegation of bias or partiality. 510 U.S. at 556. The fact that a litigant does not obtain the types of rulings he expected is not by itself evidence of bias or partiality. 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

Levi Spriggs' unsworn objection accused Judge Self of bias and partiality. At the evidentiary hearing on Mrs. Gonzales's sanctions motion, Levi Spriggs presented the testimony of Ronald Spriggs, who testified to his opinion that Judge Self demonstrated bias by his refusal to recognize the suit-within-a-suit precept in the malpractice case and by his favorable treatment of Mrs. Gonzales's counsel in court. Levi Spriggs also testified at the hearing that Judge Self did not correctly handle the issuance of the temporary restraining order he granted Mrs. Gonzales because he failed to ensure Levi Spriggs and Ronald Spriggs were made aware of the proceeding.

Ronald Spriggs further testified that his experience representing one of the defendants convicted of drug offenses in "the Tulia cases" showed him Judge Self "couldn't be fair and impartial" in that drug case. He described some of Judge Self's actions during the course of the drug cases, and also said the fact almost all the defendants, later pardoned, were black indicated a racial bias in the handling of the cases.

None of the evidence Levi Spriggs offered at the sanctions hearing directly demonstrated bias or partiality on the part of Judge Self. And, as justifying an inference

17

that Judge Self was biased or partial, Judge Moore was within his discretion to see the evidence offered as permitting no more than surmise and speculation. *See Daniel,* 981 S.W.2d at 232.

Finally, Levi Spriggs cites the United States Supreme Court's opinion in *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208 (2009), and asserts that Judge Self's "history of bias" raises due process concerns like those addressed in *Caperton.* The Supreme Court noted that in most instances matters relating to judicial qualification do not rise to a constitutional level. 556 U.S. at 876. It recognized, however, there are instances which objectively require recusal; instances in which "experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Id.* at 877. Because due process is implemented by objective standards proof of actual bias is not necessary. *Id.* at 883. This means that recusal may be required whether actual bias exists or can be proved. *Id.* at 886.

In *Caperton* the Court found recusal of a member of the Supreme Court of Appeals of West Virginia was required in its review of a judgment against a corporation. The member had benefitted from exceptionally large campaign contributions by the president of the corporation. The Court held, "We conclude that there is a serious risk of actual bias—based on objective and reasonable perceptions—when a person with a personal stake in a particular case had a significant and disproportionate influence in placing the judge on the case by raising funds or directing the judge's election campaign when the case was pending or imminent." *Id.* at 884.

Levi Spriggs does not point to any objective circumstance in Mrs. Gonzales's case against the Spriggs defendants that would lead to a reasonable perception of a serious risk of actual bias on the part of Judge Self. In support of his contention that Judge Self's role in the case raises due process concerns, Levi Spriggs refers again to the "Tulia" convictions, and asserts that Judge Self's "bias was recognized publicly." As proof, Levi Spriggs cites an article in a magazine that was critical of several Texas judges. The article contains a paragraph referring to Judge Self and his actions while presiding over "the majority of the trials in the infamous Tulia drug sting of 1999." The paragraph refers to "Self's questionable rulings" benefitting the prosecution. The paragraph, however, does not mention bias nor does it mention the race of the drug case defendants. As evidence that Judge Self harbors publicly recognized bias, racial or otherwise, the article has no evidentiary value. And Levi Spriggs refers again to Ronald Spriggs' conclusory opinion, expressed in his testimony before Judge Moore, that Judge Self exhibited bias in his rulings in the drug case in which Ronald Spriggs participated.

Nothing in the record of the sanctions hearing before Judge Moore, or elsewhere in the record before us, regarding Judge Self's conduct in this or in any prior case gives rise to the extreme potential for bias the Court found in *Caperton*. *See id*. at 887 ("[t]he facts before us are extreme by any measure"). As a demonstration of a risk of denial of due process if Judge Self continued to preside over Mrs. Gonzales's case against the defendants, the record is wholly inadequate.[17]

_____

[17] Texas law provided Ronald Spriggs a ready and simple remedy if he considered Judge Self to be biased against him. Texas Government Code section 74.053 permits a party to a civil case to object to the assignment of a visiting judge. *See* TEX. GOV'T CODE ANN. § 74.053(b) ("If a party to a civil case files a timely objection to the assignment, the

We find the record sufficiently demonstrates Levi Spriggs' amended objection was brought without sufficient cause. TEX. R. CIV. P. 18a(h)(2). Levi Spriggs has not shown that Judge Moore abused his discretion by ordering a monetary sanction for filing the objection. Levi Spriggs' challenge of that ruling is overruled.

*Post-trial Sanctions Hearing*

During the evening of the final day of trial, after the jury was discharged, the trial court announced to the attorneys that it would convene a hearing at 1:30 p.m. the following day to consider Mrs. Gonzales's two pending motions for sanctions against Ronald Spriggs and Levi Spriggs. By the first motion, brought under Rule 13, Mrs. Gonzales sought an order of sanctions concerning a no-evidence motion for summary judgment signed by Levi Spriggs. The second motion sought to sanction Ronald Spriggs and Levi Spriggs under Rule 13 for filing an expert report on an irrelevant issue. Ronald Spriggs and Levi Spriggs both verbally requested additional time. The court denied their requests.

After hearing Mrs. Gonzales's two motions the next day, the court, without prior notice, sua sponte rendered sanctions under its inherent power or Rule 13 for some sixteen acts of conduct by Ronald Spriggs and Levi Spriggs during the course of the case. The court rendered a money award in favor of Mrs. Gonzales for $3,500 against Ronald Spriggs and an equal amount against Levi Spriggs. The award did not allocate the

judge shall not hear the case"). And the statute permitted Levi Spriggs to request an extension of time to file an objection. *See* TEX. GOV'T CODE ANN. § 74.053(c) (providing in part, "The presiding judge may extend the time to file an objection under this section on written motion by a party who demonstrates good cause"). Ronald Spriggs did not file an objection to Judge Self's assignment, and Levi Spriggs did not request an extension of time to file his own objection.

sanctions between those sought by Mrs. Gonzales's motions and those rendered sua sponte by the court. Immediately following the court's verbal rendition of sanctions, Levi Spriggs sought to raise "one more thing" with the court, but the court adjourned the hearing. An order was signed the following week.[18]

We begin with the sanctions imposed by the court on its own motion. The record does not indicate the court notified Ronald Spriggs and Levi Spriggs of its intention to impose sanctions sua sponte under its inherent power or Rule 13. And as noted the court denied them an opportunity to object after rendering its findings. Mrs. Gonzales contends on appeal that the issues Ronald Spriggs and Levi Spriggs raise attacking the court's sanctions have not been preserved for appellate review, and we must agree.

Our state's procedural rules requiring preservation of error "reflect[] important prudential considerations recognizing that the judicial process benefits greatly when trial courts have the opportunity to first consider and rule on error." *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) (citing *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003)); *see* TEX. R. APP. P. 33.1(a) (error preservation requires that a party timely present its objection to the trial court with sufficient specificity). The Spriggs may have had no opportunity to object and obtain a ruling at the sanctions hearing, but preservation of the errors they now complain of could have been accomplished by a motion for rehearing or motion for new trial specifying their complaints. *See Appleton v. Appleton,* 76 S.W.3d 78, 84-85

---

[18] The court's sanctions order stated its finding that "[t]he Court, having taken judicial notice of the entire clerk's file, all the motions and pleadings that have been filed during the case and the trial, and all the testimony that was given during the trial of this case, finds that there has been a pattern of filing frivolous motions and pleadings by the Defendants, filed without good cause, and without good faith, and when the Defendants knew that they were not supported by any kind of evidence."

(Tex. App.—Houston [1st Dist.] 2002, no pet.) (finding complaint in Rule 13 sanctions proceeding that trial court failed to make particularized good cause findings justifying the sanctions was waived when sanctioned party voiced no objection); *Thomas v. Thomas,* 917 S.W.2d 425, 433 (Tex. App—Waco 1996, no writ) (finding in case where parties sanctioned under Rule 13 had no opportunity to object or obtain a ruling prior to entry of the sanctions order, their motion for new trial which specifically stated their complaint about the sanctions order preserved error). The record contains no such motion by either appellant. We agree with Mrs. Gonzales that Ronald Spriggs and Levi Spriggs have presented nothing for our review because they did not first raise their complaints in the trial court. We find, therefore, the Spriggs' complaints pertaining to the sanctions proceeding undertaken sua sponte, and the resulting order, are waived. *See Wilner v. Quijano,* No. 01-11-00322-CV, 2012 Tex. App. LEXIS 9064, at *7-10 (Tex. App.—Houston [1st Dist.] Oct. 25, 2012, no pet.) (mem. op.) (finding complaint that trial court imposed sua sponte sanctions against attorney without notice and hearing not preserved as attorney did not complain to the trial court or ask for reconsideration).

On the evening before the day of the sanctions hearing, when the court announced its intention to hear Mrs. Gonzales's two motions for sanctions the following day, Ronald Spriggs and Levi Spriggs each verbally requested additional time. The trial court verbally denied their requests. Neither of the Spriggs filed a written motion for continuance. This claim of error also was not preserved. *See Dempsey v. Dempsey,* 227 S.W.3d 771, 776 n.1 (Tex. App.—El Paso 2005, no pet.) (finding verbal motion for continuance did not preserve error). *Cf. Bravenec v. Flores,* No. 04-11-00444-CV, 2013 Tex. App. LEXIS

22

2863, at *5 (Tex. App.—San Antonio Mar. 20, 2013, no pet.) (mem. op.) (finding no abuse of discretion where appellant made only a verbal motion to continue a sanctions hearing).

Because the trial court disposed of the three sanctions motions in a unitary proceeding and did not allocate the monetary awards among the motions, and because objection to the court's sua sponte proceeding was waived, even assuming it was error to sustain either or both of Mrs. Gonzales's motions, any error was harmless. Without expressing any opinion on the merits of the three sanctions motions heard post-trial, we overrule the Spriggs' corresponding issues.

## Conclusion

Having overruled the issues raised on appeal for the reasons discussed, we affirm the order of Judge Moore sanctioning Levi Spriggs and the final judgment of the trial court.

James T. Campbell
Justice